## MEIGS v. McINTOSH (two cases).
### Patent Appeals Nos. 2194, 2195.

Court of Customs and Patent Appeals.
Feb. 21, 1930.

Percival H. Truman and Otto R. Barnett, both of Chicago, Ill., for appellant.

Charles H. Howson, of Philadelphia, Pa. (Dexter N. Shaw, of Philadelphia, Pa., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

These are appeals in interference proceedings by the appellant, the junior party, from the decision of the Board of Appeals of the Patent Office awarding priority of invention to the senior party, the appellee. There are two appeals, one in Interference No. 51620, and the other in Interference No. 53883. Inasmuch as some of the questions involved are common to both cases, we shall dispose of both of the appeals in one opinion.

Interference No. 51620. Docket No. 2194.

In this interference, the issue is stated in eight counts, of which the following are illustrative:

"1. The process of producing a product adapted for use as artificial resinous material which comprises reacting a sugar with a monohydroxy phenol whereby substantially water insoluble material is formed and heating the latter whereby it is hardened.

"2. The process of producing reactive resinous material which comprises reacting a water soluble carbohydrate with a phenol whereby reactive resinous material is formed."

"5. The process of producing a synthetic gum which comprises heating together a phenolic body and a water-soluble carbohydrate in the presence of a catalyst until there is produced an initial condensation product; and further heating the same until there results a hard, infusible insoluble resin."

Counts 3, 7, and 8 are to a product, or a composition of matter, formed by practicing the method recited in the other counts.

No testimony was taken by either party, and decision was entered by the examiner of interferences, awarding priority of invention to appellee, the senior party, following an order on the junior party to show cause in view of his failure to take testimony. Appellant took an appeal to the Board of Appeals, which affirmed the decision of the examiner of interferences.

An appeal was taken by the appellant from such decision to this court, and in such appeal two questions are presented to us for determination, both involving the right of appellee to make the claims of the counts.

The first contention is that appellee's specification is insufficient and ambiguous and does not comply with section 4888, R. S., 35 USCA § 33, and the second that appellee's disclosure does not warrant the grant to him of a patent on a synthetic resin made, specifically, from a sugar or a soluble carbohydrate, in distinction to carbohydrates as a class.

As stated in the decision of the Board of Appeals, the invention relates to the formation of synthetic resins. It involves the reaction of a phenolic body with a sugar, or with a water soluble carbohydrate. The process is generally the same as the prior art process with the substitution of the sugar, or water soluble carbohydrate, for the formaldehyde previously used.

█ The alleged insufficiency and ambiguity of appellee's specification lies in the following paragraph: "In carrying out my invention I employ the ingredients in the proportion of 1 molecule of a phenolic body to one molecule of a carbo-hydrate such as dextrose, and in a typical case I dissolve one hundred grams of phenol and one hundred grams of dextrose in a suitable solvent such as one hundred grams water, together with a suitable catalytic agent, such as from ten to twenty drops of sulphuric acid in the case specified."

With regard to appellant's contention of insufficiency and ambiguity, the decision of the Board of Appeals says: "Appellant urges that since the molecular weight of phenol is 94 and the molecular weight of dextrose anhydride is 180, and of dextrose hydrate is 198, the statement that the ingredients are employed in the proportion of one molecule of a phenolic body to one molecule of dextrose is inconsistent with the further statement of the use of 100 grams of each and that this inconsistency renders the description so ambiguous as not to comply with section 4888, R. S. We do not agree with this contention. It is believed that taking the statement as a whole, one skilled in the art would at once appreciate that 100 grams of phenol may be employed with 100 grams of dextrose, but that this proportion of parts involves an excess of phenol which is permissible in practicing the process. It is not urged that the process is inoperative when equal parts by weight are used. It can be performed by following the specific directions given in the McIntosh application, and, therefore, it is not necessary to resort to experimentation. We deem McIntosh has presented an operative disclosure which complies with the requirements of section 4888 R. S. (35 USCA § 33)."

We find no error in this conclusion of the Board of Appeals. There is nothing to indicate that either proportion of ingredients would not secure a successful result.

In a motion by appellant to dissolve the interference, he made the same contention as here, and the law examiner, in denying the motion to dissolve the interference upon this ground, said: "The objection of inoperativeness is one that should not be insisted upon except in a clear case, particularly where the application is involved in an interference in which the matter may be fully investigated, and in which testimony may be produced throwing light upon the subject (Bowditsh v. Todd, 1902 C. D. 27). The McIntosh invention is certainly not so clearly inoperative as to justify a dissolution of the interferences at this stage of the proceeding. And the same is true with respect to the sufficiency of disclosure of the McIntosh invention. This question can be decided best in the light of the testimony of the skilled workers in this art."

█ Appellee states specifically that he employs the ingredients in the proportion of one molecule of a phenolic body to one molecule of a carbohydrate, such as dextrose, and then states that in a typical case he dissolves one hundred grams of phenol and one hundred

grams of water, together with a suitable catalytic agent, such as from ten to twenty drops of sulphuric acid in the case specified. If the additional quantity of phenol named in the illustration of a typical case would have produced a different result than the proportions of one molecule of phenol to one molecule of dextrose, appellant had an opportunity to so demonstrate by the introduction of testimony. This he failed to do, and, it being a question of fact that is involved, and appellant being the junior party with the burden of establishing his own priority of invention by a preponderance of evidence, we concur with the conclusion of the Board of Appeals that appellee's disclosure complied with the requirement of section 4888 R. S. (35 USCA § 33).

With regard to the second contention of appellant, the Board of Appeals stated as follows:

"As to Meigs' second contention, he urges that McIntosh did not appreciate any distinction between the use of water soluble carbohydrate and the use of water insoluble carbohydrates, but that his specification is directed to the use of all carbohydrates. Since the counts are limited to the use of a water soluble carbohydrate, or of a sugar, he urges they are narrower than McIntosh's disclosure and that the limitation involves new matter. While in his specific example McIntosh specified dextrose, which is both a water soluble carbohydrate and a sugar, and his specification also states (page 2, lines 27–29) that the invention especially contemplates the use of hexoses, pentoses, tetroses and trioses, Meigs urges these specific references do not entitle McIntosh to make claims including the broader designation, a water soluble carbohydrate, or a sugar, and that when the case is viewed in this aspect the counts are broader than McIntosh's invention. He calls attention to the fact that the law examiner held certain claims, which were not limited to the use of a water soluble carbohydrate, unpatentable in view of the German patent to Mauthner, No. 247,181, and states that the law examiner should either have allowed such claims or held the claims of the instant counts unpatentable to McIntosh since there is no patentable distinction.

"McIntosh disclosed the use of carbohydrates in general and stated that he especially contemplated the use of several which are as a matter of fact water soluble. He selected such a carbohydrate in giving his specific example. We believe he had a right to limit his claims to the latter class of carbohydrates, if forced so to do by the state of the prior art. The law examiner has held the distinction to be a patentable one and this ruling of his is not before us for review. Appellant may not under Rule 130 urge that the claims are not patentable. This question should not be confused with the question of McIntosh's right to make the claims. We deem McIntosh entitled to make the claims of the counts."

Here again we find no error in the holding of the Board of Appeals, and therefore the decision of the Board awarding priority of invention to appellee, the senior party in this interference, is affirmed.

Interference No. 53883. Docket No. 2195.

In this interference the examiner of interferences awarded priority of invention to appellee, which decision was upon appeal affirmed by the Board of Appeals, and from its decision this appeal is taken. The issue is stated in two counts, which read as follows:

"1. The process of comprising heating together a water-soluble carbohydrate, a phenolic body and a catalyst until there is formed an initial condensation product; adding a hardening agent to said product; and heating the mixture to cause the condensation product to assume its insoluble, infusible form.

"2. As a new composition of matter, a hard, infusible, insoluble synthetic gum comprising the final reaction product of a phenolic body, a water-soluble carbohydrate and a hardening agent."

As in the interference just discussed, neither party has taken testimony. Appellant urges here, as he did before the Board of Appeals in the Patent Office, that appellee has no right to make the claims of the counts. There is only one question involved in this appeal that is not common to the questions decided in the appeal upon Interference No. 51620, and that is the additional limitation of the use of a hardening agent. Appellant contends that appellee's specification does not state the proportions of hardening agent with sufficient definiteness to meet the requirements of section 4888, R. S., 35 USCA 33. With reference to this subject, appellee's specification reads as follows: "If it be desired to accelerate the reaction above described, suitable proportions of hardening agents may be added prior to the subjection of the initial condensation product to heat and pressure or with the other ingredients at

the beginning of the process, and as typical of these I may use hexamethylenetetramine, benzidene-acetone, sodium-acetone-bisulphite, etc."

Upon this point, the Board of Appeals held as follows: "It is quite apparent from this statement that the use of a hardening agent is optional. If such agent be introduced the reaction will be accelerated. The amount used would depend upon the degree of acceleration desired. While McIntosh does not give the percentage of hardening agent used, he does state that suitable proportions may be added. It is deemed those skilled in the phenolic condensation art and familiar with the use in this art of the hardening agents specified by McIntosh would readily understand what amounts should be used. The decisions cited on pages 15 to 18 of McIntosh's brief, and especially Seabury & Johnson v. Am Ende, 152 U. S. 561, 14 S. Ct. 683, 38 L. Ed. 553; Chadeloid Chemical Co. v. Wilson Co. (D. C.) 220 F. 681, and International Cork Co. v. New Process Cork Co. (C. C. A.) 6 F.(2d) 420, rather than the decisions relied upon by appellant, are deemed pertinent to the facts of the instant case. We accordingly hold the McIntosh specification an operative disclosure and that McIntosh is entitled to make the claims of the counts."

We concur in the views of the Board of Appeals thus expressed.

All other questions in this case are identical with those raised and decided in Interference No. 51620, and therefore the decision of the Board of Appeals is affirmed.

The decisions of the Board of Appeals in both appeals are affirmed.

Affirmed.