28 C.C.P.A.(Patents)

In re WAHLFORSS et al.

Patent Appeals No. 4434.

Court of Customs and Patent Appeals.

Feb. 3, 1941.

Charles E. Carney, of Cleveland, Ohio (A. Ponack, of Washington, D. C., of counsel), for appellants.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming that of the examiner rejecting a claim numbered 13, embraced in an application for the reissue of patent No. 2,069,790 granted appellants, as joint inventors, for a lubricant. The patent bears date of February 9, 1937.

The claim at issue was copied in the reissue application from a patent No. 2,121,-824, issued to Carl F. Prutton June 28, 1938, an interference with that patent being sought.

The claim reads: "13. A lubricating composition containing as a principal lubricating constituent a major amount of mineral lubricating oil with the properties of such composition affecting its use as a lubricant improved by incorporating therein a minor amount, based on the amount of mineral oil, of a compound containing a substantial amount of halogen, which compound is a halogenated polyalkylated aromatic compound."

The claim was rejected by the tribunals of the Patent Office as not patentable to appellants for lack of disclosure and, as of course, no interference was declared. The board said: "The only question presented by this appeal is whether applicants have sufficient disclosure to warrant the allowance of the claim to them."

The issue is quite simple and no elaborate discussion is necessary. The opening paragraph of appellants' specification states: "This invention relates to lubricants of the type designed for use in the extreme pressure field, and has particular reference to a new composition which gives exceptional film strength, adhesion and resistance to abrasion. In particular, it contemplates the use of a chlororetene as an addition agent to lubricating oil, to produce a lubricant satisfactory for extreme pressure work, and for machine cutting, threading," etc.

The particular limitation of the claim about which the controversy revolves is embraced in the language, "a compound containing a substantial amount of *halogen,* which compound is a *halogenated* polyalkylated aromatic compound" (italics supplied). The so-described compound is for use in minor quantity as an improving agent for mineral oil.

It will be observed that the claim is sufficiently broad in its terms to include all halogens, of which, we are informed, there are four general classes, viz., iodine, bromine, fluorine, and chlorine. Each of these embraces different forms. The patent of appellants, reissue of which is sought, discloses the use of only chlorine forms.

The sole statement in the specification relating broadly to halogen reads: "Halogenation of the lubricating oil itself has been suggested. This is unsafe, as the aliphatic halides formed tend to hydrolyze under adverse conditions, making the lubricant acid and corrosive to the gear surfaces."

The foregoing statement quite clearly teaches the nonuse, rather than the use of halogens, so far as *aliphatic* halides are concerned, but it is the contention of appellants' counsel that this does not apply to *aromatic* compounds. Assuming that this contention is correct, the fact remains that the specification does not disclose the use of any halogens other than forms of chlorine.

So, the effect of the holdings below is that appellants by disclosing the use of only one species of halogen are not entitled to a generic claim embracing all species.

In the brief filed before us on behalf of the Commissioner of Patents our decision in the case of In re Soll, 97 F.2d 623, 625, 25 C.C.P.A., Patents, 1309, is cited as being directly in point upon the issue here involved. In that case the applicant disclosed the use of one halogen, fluorine. He copied claims from a patent (in an effort to bring about an interference) which were broad enough to include all halogens. We there said: "We think. the rule is well settled that in a chemical case where an applicant discloses that one species of a class of chemicals will accomplish a certain purpose without naming any others of the class to which it belongs or without so describing the species and its mode of operation as to call attention to the fact that other members of the class are its equivalents and will perform the same function, he is not entitled to broaden the scope of his disclosed inven-

tion by claiming the whole group, even though those skilled in the art may know that in some respects at least the different members of the group are equivalents. Certain members of a well-defined group of chemicals may be equivalents for one purpose and not equivalents for another. Experimentation is required to ascertain the particular action of a member of the group upon the particular material to be treated. Appellant's application is barren of any suggestion that anything but hydrofluoric acid will react upon rubber in the desired manner. There is no teaching in the application of the equivalency of the members of the group nor is there any member of the group named other than hydrofluoric acid. As far as the application discloses, the art was not taught that it could use anything but hydrofluoric acid and it would seem improper to now permit applicant to broaden the scope of his invention since others, presumably after experimentation, have discovered that any member of the hydrogen halide family will do the work."

It may be said that in the foregoing decision numerous authorities in support of the stated rule were cited and reviewed.

In the instant case appellants rely strongly upon this court's decisions in the cases of Blodgett and Hanson v. Richter, 79 F.2d 922, 23 C.C.P.A., Patents, 749, and Walsh et al. v. Davidson et al. (No. 4208) and Davidson v. Walsh et al. (No. 4031), 101 F.2d 224, 26 C.C.P.A., Patents, 812. It is unnecessary to review those cases in detail. Both were interference proceedings in which only the question of priority was involved. In the Richter case, supra [79 F.2d 923], a chemical case, where it was contended before us that Richter could not make claims broad enough to cover a class of reagents or properties upon a disclosure of only a single reagent or property, we pointed out that:

"  *   *   * the question here is solely one of priority, and we are not called upon to determine the matter of patentability to Richter.

*   *   *   *   *   *

"It is not meant to intimate that the counts expressed as claims in appellants' patent are not so supported by the disclosure there, as that there is any question of their validity as to a class of compounds, nor is it meant to suggest what the rights of appellee may be under his disclosure upon any question except the single one of priority. All other questions, we think, must be determined in some proceeding other than the one now at bar."

In the Walsh and Davidson cases, supra, the principle so stated in the Richter case, supra, was approved and followed, we saying: "Furthermore, it is so well settled as to require no citation of authority that the question of the right of a party to secure a patent can not be raised in this court in an interference proceeding. In interference proceedings the jurisdiction of this court is limited to the question of priority of invention and to such ancillary questions as may be involved therein. Should appellee receive an award of priority of invention, his right to receive a patent will be determined in an ex parte prosecution of his application." [101 F.2d 226.]

Had the interference which appellants sought in the instant case been declared, the rule followed in interference cases above cited might have been applicable, but since no interference was declared, appellants being denied the claim ex parte, the question of patentability of the claim to appellants is the direct question before us and we think the rule reaffirmed and followed in the Soll case, supra, is here controlling.

The decision of the board is affirmed.

Affirmed.