28 C.C.P.A.(Patents)

## In re PRUTTON.

### Patent Appeal No. 4509.

Court of Customs and Patent Appeals.

July 2, 1941.

Oberlin, Limbach & Day, of Cleveland, Ohio (O. C. Limbach and A. S. Nelson, both of Cleveland, Ohio, of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 28 and 29 in appellant's application for a patent for an alleged invention relating to a lubricating composition.

The claims read:

"28. A lubricating composition comprising a major proportion of lubricating oil and from an effective amount to about 20% based on the amount of lubricating oil of a halogenated alkylated aromatic ketone.

"29. A lubricating composition comprising a major proportion of lubricating oil and from an effective amount to about 20% based on the amount of lubricating oil, of a halogenated alkylated cyclic ketone."

The references are: Clark et al., 2,012,-301, Aug. 27, 1935; Ralston et al., 2,033,-543, Mar. 10, 1936; Lincoln et al., "Chlorine Compounds," a Paper Delivered Before the American Chemical Society, April 14, 1936; Ralston et al., 2,107,905, Feb. 8, 1938.

It may be said at this point that appellant's patent (Prutton, No. 2,121,825, issued June 28, 1938, on an application filed December 31, 1934) was inadvertently listed by the Patent Office tribunals as a reference against the appealed claims. As a matter of fact, counsel for appellant claimed before the tribunals of the Patent Office that that patent disclosed the involved invention; that appellant was entitled to the filing date of the application on which that patent issued for constructive reduction to practice of the invention defined by the appealed claims; and that as that patent application antedates the Ralston et al. patents and the Lincoln et al. publication, those references should not be considered as prior art.

The tribunals of the Patent Office did not hold that appellant's patent was a valid reference against the appealed claims, but, on the contrary, held that it did not disclose the involved invention.

As will be observed from the appealed claims, appellant's lubricating composition comprises a major proportion of lubricating oil and from an effective amount to about 20 per cent of a halogenated alkylated aromatic ketone, as stated in appealed claim 28, or a halogenated alkylated cyclic ketone, as set forth in claim 29. Each of the claims on appeal calls for a halogenated alkylated cyclic ketone, claim 28 being slightly narrower in that it calls for a halogenated alkylated *aromatic* ketone.

It is unnecessary that we here analyze each of the references relied upon by the Patent Office tribunals. It is sufficient to say that each of them discloses, as stated by the Primary Examiner, the addition of halogenated cyclic ketones to oils.

It is not argued here by counsel for appellant that the patents to Ralston et al., and the Lincoln et al. publication do not disclose the invention defined by the appealed claims. It is the contention of counsel here, however, as it was before each of the tribunals of the Patent Office, that in a prior application (No. 737,070) filed July 26, 1934 (of which the involved application is a continuation in part), appellant disclosed the use of halogenated cyclic ketones in oil; that appellant also disclosed in that application the "desirability of alkylation" of the compounds disclosed therein; that, in addition to such generic disclosure, he also disclosed six specific examples of halogenated cyclic ketones; and that as that application antedates the Ralston et al. patents and the Lincoln et al. publication, those references should not be considered as prior art. It is also contended here by counsel for appellant, as it was before the tribunals of the Patent Office, that appellant disclosed the involved invention in his application No. 760,038, filed December 31, 1934 (now patent No. 2,121,825), issued June 28, 1938.

The patent to Clark et al. relates to halogenated hydrocarbon compositions for use in lubricants, and discloses the desirability of adding halogenated cyclic ketones, including halogenated aromatic ketones, to lubricating oils.

The Primary Examiner stated that although the patent to Clark et al. disclosed the use of halogenated cyclic ketones in lubricating oils, the patentee did not disclose *alkylated* halogenated cyclic ketones as called for by the appealed claims, and that to that extent the disclosure in that patent differed from the subject matter defined by the appealed claims. The examiner further stated, however, that there was nothing in appellant's involved application to indicate that appellant thought that alkylated and non-alkylated halogenated cyclic ketones were not equivalents; that "Certainly the conclusion is justified that this [appellant's] specification *bears out the inference that alkylated and non-alkylated cyclic ketones are equivalents";* and that it would be obvious to one skilled in the art that the solubility of halogenated cyclic ketones could be increased by adding alkyl radicles to such ketones. (Italics ours.)

In its decision affirming the decision of the Primary Examiner, the Board of Appeals stated, relative to appellant's application No. 737,070, of which the involved application is a continuation in part, that "appellant is relying upon the specific disclosure of halogenated camphor. The examiner contends that disclosure of one specific example is not sufficient basis for holding that said application discloses the broad subject matter covered by the appealed claims. This contention appears to be sound. A single example in the absence of a broad disclosure is not sufficient basis for broad claims." The board also held that *appellant's application No. 760,038, which matured into patent No. 2,121,825, did not disclose the involved invention.* Accordingly, the board held, as did the Primary Examiner, that the appealed claims were not patentable over the references of record.

In a request for reconsideration of the board's decision, counsel for appellant claimed that appellant's application No. 737,070, which antedates all of the references cited against the appealed claims, except the patent to Clark et al., disclosed halogenated cyclic ketones, the desirability of "alkylation" of such ketones, and *one specific example of halogenated cyclic ketones.*

Accordingly, it would seem from the record that counsel for appellant made no claim before either of the tribunals of the Patent Office that appellant's application No. 737,070 disclosed more than one specific example of halogenated cyclic ketones.

It is claimed here by counsel for appellant, however, that appellant's application No. 737,070, of which the involved application is a continuation in part, discloses six specific examples of halogenated cyclic ketones. Those examples, which are listed

in appellant's application No. 737,070, are: halogenated butyl phenyl ketone, halogenated camphor, halogenated cyclohexanone, halogenated phenyl naphthyl ketone, halogenated acetophenone, and halogenated benzophenone.

No contention is made here by the Solicitor for the Patent Office that those compounds are not halogenated cyclic ketones, and it is apparent from their formulas (which appear in appellant's brief but which need not be set forth here) that they are halogenated cyclic ketones. Halogenated cyclohexanone is a halogenated cyclic ketone, but it is not an aromatic. All of the other named chemical compounds are halogenated aromatic ketones.

It will be recalled that the Board of Appeals stated in its decision that halogenated camphor is a specific example of halogenated cyclic ketones.

It further appears from appellant's application No. 737,070 that in addition to the specific examples above enumerated, appellant disclosed broadly the use of halogenated cyclic ketones in lubricating oils. Although we have been unable to find any specific example of a halogenated *alkylated* cyclic ketone in that application, it is stated therein that the solubility of halogenated cyclic ketones of relatively high oxygen content would be increased by adding "alkyl radicles to the molecules' containing the oxygen." It is evident, therefore, that appellant's application No. 737,070 discloses the use broadly of halogenated cyclic ketones, including aromatic ketones, in mineral oils; that it discloses six specific examples of such ketones; and that it discloses that for the purpose of improving the solubility of such ketones an alkyl radicle should be added.

■ It is true, as stated by the Board of Appeals and as argued by the Solicitor for the Patent Office, that it is well established that in cases of this character the disclosure in an application of a species may not be a sufficient basis for generic claims. See In re Steenbock, 83 F.2d 912, 23 C.C.P.A., Patents, 1244, which was cited and relied upon by the solicitor.

■ In the instant case, however, as hereinbefore pointed out, appellant disclosed in his application No. 737,070, of which the involved application is a continuation in part, the broad subject matter here involved, that is, the use of halogenated cyclic ketones in mineral oil, and also six

specific examples of such ketones. We are of opinion, therefore, that the invention defined in the appealed claims, with the exception of the specific amount of halogenated alkylated cyclic ketones specified therein (which limitation the tribunals of the Patent Office held did not lend patentability to those claims), is disclosed in appellant's application No. 737,070, and that as that application (filed July 24, 1934) antedates the Ralston et al. patent applications and the Lincoln et al. publication, those references are not prior art and, therefore, are not proper references against the appealed claims.

■ But one issue remains to be considered.

As hereinbefore stated, the patent to Clark et al. discloses the desirability of adding halogenated cyclic ketones, including halogenated aromatic ketones, to lubricating oils. The patentee, however, does not disclose the use of halogenated *alkylated* cyclic ketones, as called for by the appealed claims.

As hereinbefore noted, the Primary Examiner held that if it was desired to improve the solubility of halogenated cyclic ketones, disclosed in the patent to Clark et al., it would be obvious to add thereto alkyl radicles for that purpose; that there was nothing in appellant's involved application to indicate that appellant thought that alkylated and non-alkylated halogenated cyclic ketones were not equivalents; and that appellant's involved application *"bears out the inference that alkylated and non-alkylated cyclic ketones are equivalents."* (Italics ours.)

We find nothing whatsoever either in appellant's application No. 737,070 or in his involved application to indicate that appellant was of opinion that alkylated and non-alkylated halogenated cyclic ketones were equivalents. On the contrary, appellant explained in both of those applications that by the addition of alkyl radicles the solubility of halogenated cyclic ketones would be increased. Furthermore, there is nothing in the patent to Clark et al., the only prior art reference cited against the appealed claims, to indicate that by the addition of alkyl radicles the solubility of halogenated cyclic ketones would be increased. We are constrained, therefore, to disagree with the views expressed by the tribunals of the Patent Office that the alkylation of halogenated cyclic ketones

for the purpose of increasing their solubility in mineral oils would be obvious to one skilled in the art.

It clearly appears from appellant's involved application that by adding halogenated alkylated cyclic ketones, including halogenated alkylated aromatic ketones, to lubricating oil "the film strength, or extreme pressure characteristics of the lubricant," is improved. We are of opinion, therefore, that the lubricating composition defined by the appealed claims is new and useful and that it involves invention. Having reached that conclusion, it is unnecessary that we discuss the disclosure contained in appellant's application No. 760,038, filed December 31, 1934, now patent No. 2,121,825.

For the reasons stated, the decision of the Board of Appeals is reversed.

Reversed.