O’Connell, Judge,
delivered the opinion of the court:
This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of claims 1 and 3 of appellants’ application No. 163,778 for patent on a copolymer of allyl glycidyl ether with other compounds. The appealed claims read as follows:
1. A copolymer of a single alkenyl glycidyl monoetber and only at least one other neutral polymerizable compound containing a vinylidene group and free of other elements than carbon, hydrogen and oxygen, said copolymer containing three-membered epoxy rings in amount of from 0.01 epoxide equivalents per 100 grams up to 90% of the theoretical epoxide value of said ether.
3. A copolymer of allyl glycidyl monoether and only one other neutral polymer-izable compound containing a vinylidene group and free of other elements than carbon, hydrogen and oxygen, said copolyiner containing a plurality of three-membered epoxy rings and having an epoxy value up to 90% of the theoretical epoxy value of said ether.
The following patents are the references of record:
Rothrock et al., 2,687,405, Aug. 24, 1954
Shokal et al., 2,585,506, Feb. 12, 1952
Appellants’ alleged invention, as defined in the appealed claims, is a copolymer of a glycidyl monoether and one or more neutral compounds containing a vinylidene group and free of elements other than carbon, hydrogen and oxygen. As suggested in appellants’ brief, a detailed consideration of the chemical factors involved is unnecessary, since there is no dispute as to the material facts and the issue is essentially one of law.
The appealed claims were rejected as unpatentable not only over the disclosure of Rothrock et al., hereafter referred to as Rothrock, but also over the issue of Interference No. 86,371. That interference included appellants’ application here involved and the application on *857 .which the patent to Rothrock was granted. The interference was terminated by dissolution based upon the filing of an abandonment of the contest by appellants which, in accordance with Patent Office Rule 262, has the same effect as an award of priority adverse to appellants. The result of the interference, therefore, amounted to a final determination that appellants were not the first inventors of the subject matter of the interference count, which was as follows:
A copolymer of a monomeric mixture consisting of allyl glyeidyl ether and methyl methacrylate, said copolymer containing unmodified epoxy rings and having only carbon in the polymer chain.
The invention set forth in that count constitutes one species of those defined in the appealed claims and accordingly those claims embrace and dominate the count. It appears, however, that Rothrock’s application did not contain a disclosure broad enough to support the appealed claims and that consequently such claims could not have been placed in issue in the interference. Under those circumstances, in view of the decision of In re Long, 23 C. C. P. A. (Patents) 1078, 83 F. 2d 458, 29 USPQ 357, the board proceeded on the basis that appellants would be entitled to the allowance of the appealed claims if they could establish that prior to the filing date of the Rothrock application, they had completed the generic invention defined in those claims. The only issue, therefore, which need be determined here is whether or not that has been done.
It appears to be well settled that a single species can rarely, if ever, afford sufficient support for a generic claim. In re Soll, 25 C. C. P. A. (Patents) 1309, 97 F. 2d 623, 38 USPQ 189; In re Wahlforss et al., 28 C. C. P. A. (Patents) 867, 117 F. 2d 270, 48 USPQ 397. The decisions do not however fix any definite number of species which will establish completion of a generic invention and it seems evident therefrom that such number will vary, depending on the circumstances of particular cases. Thus, in the case of a small genus such as the halogens, consisting of four species, a reduction to practice of three, or perhaps even two, might serve to complete the generic invention, while in the case of a genus comprising hundreds of species, a considerably large number of reductions to practice would probably be necessary.
Appellants, for the purpose of antedating Rothrock, rely on their application No. 34,346, filed June 21, 1948, on which their patent No. 2,585,506 was granted, and which was co-pending with their appealed application, and on an affidavit filed by them under Patent Office Rule 131. It was found by the examiner and the board that the disclosure of appellant’s prior application and the tests described in the affidavit were sufficient so far as the first polymerizable com *858 ponent claimed is concerned, and the issue is therefore narrowed down to whether the second such component recited in each of the appealed claims finds sufficient support in the prior application and/or the affidavit.
Appellants contend that, by means of their affidavit and prior application, they have carried their date bach of Eothrock as to five species within claim 1, and four within claim 3. The examiner was of the opinion that appellants had established priority only as to four species within each claim but, in our opinion, that difference is not significant, and we will assume for the purposes of this opinion that appellants’ contention is correct.
There is no mention in the affidavit or in the prior application of the particular genus set forth in either of the appealed claims. Nowhere in either the affidavit or the application is it stated that the second copolymer component should be a neutral compound free of elements other than carbon, hydrogen and oxygen, as is specifically required by each of those claims.
We agree with appellants that the absence in their affidavit and prior application of any express recognition of the particular genus involved is not, in itself, necessarily fatal to their case, since it is possible for disclosure to point out a genus by statements of principles and specific examples, without actually defining it in terms such as are used in the appealed claims. It seems clear, however, that where the genus is not set forth in express terms, the number and nature of the examples given, together with the accompanying disclosure, must be such as to indicate clearly what the genus actually is.
It is evident that the appealed claims are quite broad in their recitation of the second copolymer component. The appealed application lists more than forty suitable materials, by way of example only, and the examiner, in his answer to the appeal to the board, stated that “The genus claimed by apellants in claims 1 and 3 read on co-polymers of alkyl glycidalether and literally thousands of known co-monomers.” Appellants did not, as they might have done, call for an affidavit by the examiner in support of the quoted statement and accordingly it must be accepted here as accurate. In re Weijlard et al., 33 C. C. P. A. (Patents) 837, 154 F. 2d 133, 69 USPQ 86; In re Lewis, 25 C. C. P. A. (Patents) 1273, 96 F. 2d 1009, 37 USPQ 786; In re Ayers, 33 C. C. P. A. (Patents) 874, 154 F. 2d 182, 69 USPQ 109.
We are of the opinion that a genus containing such a large number of species cannot properly be identified by the mere recitation or reduction to practice of four or five of them. As was pointed out by the examiner, four species might be held to support a genus, if *859 such, genus is disclosed in clear language; but where those species must be relied on not only to illustrate the genus but to define what it is, the situation is otherwise.
In the instant case, the genus under consideration is defined as being limited to compounds which are neutral and which are free of elements other than carbon, hydrogen and oxygen. Neither the affidavit under Rule 131 nor appellants’ prior application contains a disclosure that the properties just referred to are essential or desirable in the compounds in question. The record fails to establish that appellants, at any time prior to the filing of Rothrock’s application, recognized the desirability of copolymerizing a glycidyl monoether with a neutral compound free of elements other than carbon, hydrogen and oxygen. It is true that the specific compounds on which they rely here satisfied those conditions, but that fact alone is not sufficient to suggest to those skilled in the art that all of the many other compounds having those properties and falling within the scope of the appealed claims could be used.
Appellants rely here, as they did below, on certain generic terms such as“polyepoxypolymethylenes,” contained in their prior application, which are broad enough to include the genus of each of the appealed claims, as well as many other compounds. In that connection appellants cite the case of Joseph V. Meigs v. James McIntosh, 17 C. C. P. A. (Patents) 852, 37 F. 2d 954, 4 U. S. Pat. Q. 331, in which this court approved a finding by the board that a disclosure by McIntosh of the use of carbohydrates in general coupled with the facts that he “stated that he especially contemplated the use of several which as a matter of fact are water soluble,” and that he selected such a carbohydrate in giving his specific example, formed a sufficient basis for a claim limited to water soluble carbohydrates. That decision, of course, is based upon the specific disclosure there under consideration. It is not authority for the proposition that a broad disclosure of a large group of compounds always affords a sufficient basis for a claim to any individual compound or smaller group of compounds falling within the large group. On the contrary, this court has repeatedly held that the disclosure of a broad range of compounds does not necessarily confer a right to claim each individual compound or group within that range. Arness v. Franks, 31 C. C. P. A. (Patents) 737, 138 F. 2d 213, 59 USPQ 154; In re Rodman et al., 42 C. C. P. A. (Patents) 951, 223 F. 2d 281, 106 USPQ 142; Prutton v. Fuller et al., 43 C. C. P. A. (Patents) 831, 230 F. 2d 459, 109 USPQ 59, and cases there cited.
Whether or not the inclusion of broad language in a disclosure affords a proper basis for limited claims is a question which must be *860 determined on the basis of the particular circumstances of each individual case. In the instant case, as pointed out by the examiner and the board, the generic language in the earlier application relied on by appellants is broad enough to include various compounds which are specifically excluded by the disclosure of the appealed application, and some which are old in the prior art.
Appellants rely on the case of In re Prutton, 28 C. C. P. A. (Patents) 1343, 121 F. 2d 524, 50 USPQ 128. That case involved two claims, one of which called for a halogenated alkylated cyclic ketone and the other for a halogenated alkylated aromatic ketone. In finding those claims to be supported by an application of the appellant the court stated that such application “discloses the use broadly of halogenated cyclic ketones, including aromatic ketones, in mineral oils; that it discloses six specific examples of such ketones; and that it discloses that for the purpose of improving the solubility of such ketones an alkyl radicle should be added.” It thus appears that the claimed genus of halogenated alkylated cyclic ketones was expressly mentioned in the application involved in the Prutton case. It is not clear from the decision whether the genus of halogenated alkylated aromatic ketones was also named in that application. The court noted, however, that the genus was “slightly narrower” than the corresponding genus of cyclic ketones and, in view of that slight difference, it may have been considered that express mention of the aromatic genus was unnecessary, In the instant case, on the other hand, there is no mention in the affidavit or the prior application relied on of the claimed genus of neutral polymerizable compounds containing a vinylidene group and free of other elements than carbon, hydrogen and oxygen, and the broad disclosure relied on differs greatly in scope from the claimed genus and embraces a part of the prior art. Under such circumstances the Prutton decision is not controlling here.
Appellants contend that the holding that the general description of their prior application embraces prior art must be based on appellants’ own showing of equivalency and that “The Board of Appeals has heretofore refused to uphold the rejection of claims on an applicant’s own showing of equivalency.” This court, however, has repeatedly and consistently held that such a rejection is a proper one. In re Carl K. Stewart, Deceased, 42 C. C. P. A. (Patents) 937, 222 F. 2d 747, 106 USPQ 115; In re LeBaron, 42 C. C. P. A. (Patents) 956, 223 F. 2d 471, 106 USPQ 176; In re Borcherdt et al., 39 C. C. P. A. (Patents) 1045, 197 F. 2d 550, 94 USPQ 175, and cases there cited.
Under the circumstances noted we are of the opinion that neither the broad language relied on by appellants nor the specific examples given by them are sufficient to identify or point out the particular *861 genus recited in either of the appealed claims, and that appellants’ prior application and the affidavit submitted by them under Rule 131 do not, singly or collectively, constitute a sufficient disclosure to antedate Bothrock’s filing date, so far as those claims are concerned.
The decision of the Board of Appeals is affirmed.
Johnson, Chief Judge, disqualified himself from participating in this appeal.
Jackson, J., Eetired, recalled to participate herein in place of Cole, J., absent because of illness.