59 CCPA

**Application of William J. WELSTEAD, Jr.**

**Patent Appeal No. 8622.**

United States Court of Customs and Patent Appeals.

Aug. 3, 1972.

Rehearing Denied Sept. 21, 1972.

---

G. William King, Richmond, Va., attorney of record, for appellant. A. Donald Messenheimer, Washington, D. C., of counsel.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents, Jack E. Armore, Washington, D. C., of counsel.

Before RICH, Acting Chief Judge, and ALMOND, BALDWIN and LANE, Judges.

RICH, Acting Chief Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the rejection of claim 23 in appellant's application serial No. 504,087, filed October 23, 1965, for "3–(Omega-Substituted Alkyl)–Indoles." The rejection

was on the ground that appellant had introduced new matter into the claim by way of amendment, in contravention of 35 U.S.C. § 132. We affirm.

### The Subject Matter Claimed

Appellant's application

* * * relates to certain heterocyclic organic compounds which may be referred to as 3–(omega-substituted alkyl) indoles, acid addition and quaternary amonium salts thereof, therapeutic compositions containing the same as active ingredients, and methods of making and administering them.

The compounds are said to "have utility as physiologically active agents," to be "particularly effective in diminishing the tremors and muscular rigidity of Parkinsonism, and to be "also useful as tranquilizers."

The appealed claim, with emphasis and some paragraphing supplied, is as follows:

23. A therapeutic composition for alleviating the tremors and muscular rigidity of Parkinsonism comprising

(1) administering [1] an effective amount of at least 0.1 milligram of an anti-Parkinson agent selected from the group consisting of compounds having the following structural formula:

[A6128]

wherein:

R is selected from the group consisting of hydrogen, lower-alkyl, lower-alkanoyl, benzoyl, phenyl, phenyllower-alkyl and cycloalkyl;

---

1. The official copy of the application as filed does not contain this word, which seems to have crept into the certified copy of the claim on appeal through some error.

R' is selected from the group consisting of hydrogen, lower-alkyl and phenyl;

R'' is selected from the group consisting of halogen having an atomic weight less than 80, trifluromethyl, hydroxyl, lower-alkyl, lower-alkoxy and aralkoxy;

R''' is selected from the group consisting of hydrogen *when m is zero* and phenyl;

A is selected from the group consisting of hydrogen, lower-alkyl, lower-alkynyl, lower-alkanoyl, phenyl, benzoyl and N-phenyl carbamoyl;

Wherein

said benzoyl, phenyl, and N-phenyl carbamoyl, contain six to nine carbon atoms and

cycloalkyl contains three to nine carbon atoms. [sic]

*m is selected from zero and one* and

n is zero to three inclusive; [and?]

non-toxic pharmaceutically acceptable acid-addition salts thereof, and

(2) a pharmaceutical carrier.

### The Rejection

The examiner rejected claim 23 "as being drawn to new matter (35 U.S.C. § 132)" because of appellant's amendment inserting "when m is zero" after "hydrogen" in the recitation specifying the values of R'''. Before the amendment, R''' was defined as "selected from the group consisting of hydrogen and phenyl," and m was defined as "selected from zero and one." Accordingly, claim 23 then read on the following four possibilities:

(1) R''' = phenyl and m = 1

(2) R''' = hydrogen and m = 1

(3) R''' = phenyl and m = 0

(4) R''' = hydrogen and m = 0

In the first two cases, the indicated compounds would be piperidines; in the third and fourth, pyrrolidines. The ef-fect of the amendment and appellant's support for the claim as amended are the two issues here.

The examiner stated that the amended form of the claim "fails to find basis in the disclosure as originally filed" and that "The grouping as now appears in claim 23, while more specific, is non[e]-the-less a new grouping."

In affirming, the Board of Appeals stated:

The amendment had the effect of specifying 3 categories for the substituent R'''. When m is zero, R''' must be a hydrogen atom attached to a pyrrolidinyl radical at the 3–position. When m is 1, however, R''' is either hydrogen or phenyl attached to the 4–position of a piperidinyl radical. The specification did not, before the noted amendment, associate the hydrogen particularly with the piperidinyl radical at the 4–position. We find no specific disclosure, example, or illustration where there is only one substituent, i. e., only the substituent–0–A, at this 4–position.

Examples 18 and 19 (page 20, last 2 compounds) do not exemplify such compounds where R''' is hydrogen.

We conclude that the limitation of claim 23 had the effect of arbitrarily designating a group of materials subgeneric to the group previously claimed which was not delineated or supported as such in the original application. We note, accordingly, the pertinence of Ex parte Batchelder and Zimmerman, 131 USPQ 38 [PO Bd.App. 1960].

This is somewhat confusing. Clearly, the board interpreted appellant's amendment as excluding the *third* of the above four possibilities, and it apparently affirmed the examiner's rejection on the ground that appellant's specification as filed did not contain a written description of the genus consisting of compositions containing compounds taken only from the first, second, and fourth of the above categories, as required by the first clause of the first paragraph of

35 U.S.C. § 112, and that claim 23 as amended was therefore drawn to new matter. However, the board also indicated that it found lack of support for recitation in the claim of compounds taken from the *second* of the above categories.

Appellant requested reconsideration of the board's decision. His request for reconsideration expressly approved the board's interpretation of the effect of the amendment—i. e., that when m is zero, R''' must be a hydrogen atom, but that when m is one, R''' may be either a hydrogen atom or a phenyl radical. He traversed the board's finding of lack of support for the second of the above categories, but the principal basis of his request was that

> * * * even assuming the Board to be correct [in stating that "the specification did not, before the noted amendment, associate the hydrogen particularly with the piperidinyl radical at the 4–position"], this still does not provide any basis for the rejection or for sustaining the rejection since the entire issue is whether or not applicant can claim R''' to be hydrogen when m is zero, *not when m is one and a piperidinyl radical is formed.*

Thus, at this stage of the proceeding appellant apparently viewed the issue as the existence of support for his recitation of the *fourth* category, supra.

In adhering to its original position, the board again stated that the specification as filed contained no disclosure showing R''' to be a hydrogen atom when m = 1 (second possibility, supra).

## OPINION

On appeal, appellant has completely changed his position concerning the effect of the controverted amendment. Whereas he previously concurred in the board's view that it excluded from the claim those compositions containing compounds of the third type, supra, he now argues that:

> The effect of the amendment to Claim 23 was to redefine R''' to be hydrogen and [sic; or] phenyl when m = 0 and phenyl when m = 1 * *.

This excludes compounds of the *second* type. He also now expressly concedes that his "disclosure contains no examples or recitations of inventiveness with respect to compounds * * * [of the second type]." This concession, it may be noted, is in line with the board's assertion that the specification does not "associate the hydrogen particularly with the piperidinyl radical at the 4–position."

The solicitor notes this surprising shift in appellant's position and argues from it that "It would appear * * * that there is a latent ambiguity in the defintion of R''' in the claim before the Court." He also argues that the court should not consider appellant's present arguments because they "are largely based on his present interpretation of the definition for R''' * * *."

As the solicitor correctly contends, this court normally does not consider new contentions and arguments not presented below. Cf. In re Touvay, 435 F.2d 1342, 1344, 58 CCPA 809, 811–812, (1971); but compare In re Land, 368 F.2d 866, 874–875, 54 CCPA 806, 818–819, (1966). It is true that we have previously held that

> * * * the reference to "particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention" in the second paragraph of 35 USC 112 does not prohibit the applicant from changing what he "regards as his invention" (i. e., the subject matter on which he seeks patent protection) during the pendency of his application.[2]

However, we were not talking about an applicant's changing his mind between the time he argued before the board and the time he argued before the court concerning the scope of the same claim recitation.

In this case, we agree with the solicitor that we should reverse only if appellant were to persuade us that the

---

2. In re Saunders, 58 CCPA 1316, 1327, 444 F.2d 599, 607 (1971).

amended claim, *as interpreted below*, defined a genus (in this case, a subgenus of the genus recited in claim 23 as filed) which was itself described in the application as filed. In addition to Ex parte Batchelder, relied upon by the board, our recent opinion in Fields v. Conover, 443 F.2d 1386, 1391–1392, 58 CCPA 1366, 1372–1374, (1971), and Judge Baldwin's concurring opinion in In re Cother, 437 F.2d 1399, 1404, 58 CCPA 953, 960, (1971), involving the written description requirement in other contexts, are in point. See also Biel v. Chessin, 347 F.2d 898, 904–905, 52 CCPA 1607, 1614–1615, (1965); and In re Shokal, 242 F.2d 771, 774–775, 44 CCPA 854, 858–859 (1957). Since the specification as filed contained neither a description as such of the genus in which R''' is hydrogen or a phenyl radical when $m = 1$ and hydrogen when $m = 0$ nor descriptions of the species thereof amounting, in the aggregate, to the same thing, the rejection of claim 23 as drawn to new matter is affirmed.

Affirmed.