**In re MANN et al.**
**No. 2621.**

Court of Customs and Patent Appeals.
Feb. 25, 1931.

Stephen J. Cox, of New York City (J. Charles Walter, of Washington, D. C., of counsel), for appellants.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Examiner, rejecting all of the claims of appellants' application, nine in number.

Claims 1 and 3 are illustrative of the claims in issue and read as follows:

"1. A packing medium comprising a felted sheet of relatively rigid, fibrous material having protuberances formed therein in the making thereof and integral therewith of substantially hollow truncated form with inner and outer upwardly converging walls the tops of which form a narrow extended contact and pressure receiving surface, said outer and inner walls normally extending to the base of the sheet."

"3. A packing medium comprising a sheet of relatively rigid fibrous material having protuberances formed therein and therewith and integral therewith of substantially hollow truncated form with inner and outer upwardly converging curved walls the tops of which form a narrow extended contact and pressure receiving surface, said outer and inner walls normally extending to the base of the sheet."

The references cited by the tribunals of the Patent Office are: Koppelman and Cooper, 1,429,207, September 12, 1922; Miller, 1,026,359, May 14, 1912.

The claims above quoted sufficiently describe the invention.

The Board of Appeals held that the claims were anticipated by the Koppelman and Cooper reference, and apparently the Miller reference was not relied upon by the board.

Among appellants' assignments of error is one that the Board of Appeals erred in deciding that said Koppelman and Cooper patent was a proper reference, and that the subject-matter thereof is a part of the prior art. This is the first question before us for determination.

It appears that appellants' application here in issue was filed on October 21, 1921. On April 15, 1922, Koppelman, one of the appellants here, and one Cooper filed a joint application which resulted in the issue of said patent, 1,429,207, to Koppelman and Cooper on September 12, 1922, on a division of that application which was filed July 17, 1922.

It appears in the caption of the patent to Koppelman and Cooper, in the record, that it was issued to "Morris Koppelman and Simon Cooper of Brooklyn, New York, Assignors of one-half to said Koppelman, and one-half to Leon Mann, of New York, N. Y." Therefore, the record shows that, at the date of issue of said patent, it was owned by the appellants here, through assignment to them from Koppelman and Cooper previous thereto.

Under this state of facts it is obvious that no interference should be declared between the applications of Koppelman and Cooper and of appellants because there were no adverse interests, the beneficiaries of both applications being the same parties. In so far as both applications covered the same invention, and in so far as the disclosures in each specification show claim by the respective applicants of being the first inventors thereof, since no interference could properly be declared because of lack of adverse interests, it became a matter of election by appellants whether they would take out the patent as original inventors upon their application, or, as assignees of Koppelman and Cooper, upon the application filed by the latter. Having elected to take out a patent upon the application of Koppelman and Cooper, it was in legal effect a concession of priority of invention in Koppelman and Cooper and the same invention disclosed in the two applications, and this is true, irrespective of the claims made in the Koppelman and Cooper patent as distinguished from the disclosure of their application. There cannot be two first inventors of the same invention, and, if Koppelman and Cooper were the first inventors, it is obvious that Mann and Koppelman could not be the first inventors. Therefore, in so far as both applications disclose the same invention, one application claiming that Koppelman and Cooper were the first inventors, and in the other Mann and Koppelman claiming to be the first inventors of the invention disclosed in the specifications of the two applications, appellants by their election have conceded priority of invention to Koppelman and Cooper, and they cannot now make any claims upon the application before us that could have been made upon the Koppelman and Cooper disclosure.

A similar question was before the Court of Appeals of the District of Columbia in the case of In re Dunbar, 51 App. D. C. 251, 278 F. 334, in which it was held that, quoting from the syllabus: "Where two applicants each assigned their copending applications to the same assignee by an assignment which left no interest in the applicant, the election of the assignee to take the patent on one application, which contained narrow claims reading on the disclosure in the other application, is binding on him, and precludes his right to issuance of patent on the other application, containing broader claims covering the same features."

The opinion in that case quotes with approval a part of the decision of the Commissioner of Patents appealed from, as follows: "By taking out the Dyson patent, an election was made on the question of priority between Dyson and Dunbar, and the common assignee is just as much bound by that election as if an interference had been declared and priority decided in favor of Dyson. The reason for the rule holding that interferences will not be declared between coassignors is that the presentation of the testimony on behalf of each assignor is in control of the common assignee, and that there are, therefore, no parties having adverse interests. If an assignee is to be allowed, after having made such election and taken out the patent, to repudiate the election and present the claims in another application, monopoly would obviously be extended." To the same effect is a later decision by the Commissioner of Patents in the case of Haight v. Nell, 354 O. G. 247, 1927 C. D. 4.

In certain cases, where there are two applications by different inventors, but held by a common assignee, and there is a disclosure of the same basic invention in both applications, but in one of which it is asserted that the applicant is the inventor only of an improvement in the basic invention disclosed, a patent issued upon the improvement claim in such last-named application is not a bar to a patent upon the other application; but the case before us is not one of that character.

This brings us to a consideration of the question of whether the claims here in issue read upon the disclosure in the Koppelman & Cooper patent, as held by the Patent Office tribunals.

The only question upon this branch of the case, as we view it, is whether the feature of the claims calling for the "outer and inner walls normally extending to the base of the sheet," as expressed in claims 1, 2, 3, 4, 5, 6, and 7, and "a central portion which is a part of the sheet and is substantially in the plane of the sheet into which the inner sides of said walls merge," as expressed in claims 8 and 9, constitutes a patentable distinction over the disclosure of the Koppelman and Cooper patent. All other features of the claims clearly read upon said disclosure.

In appellants' specification this feature of the claims above referred to is fully set forth, but it is also therein stated that "the reverse arch or concave portion may extend below the flat portion 9 of the sheet." We think, however, that the fair construction of the entire specification is that, if the reverse arch does extend below the flat portion of the sheet, it must not be so far below that it will not, without crushing or deforming the arch, return upon pressure to a line with the base of the sheet.

The specification of the Koppelman and Cooper patent states: * * * If desired the holders may be made lower, and the middle portion 6 permitted to project below the base sheet so that each egg will be within the upper and lower edges of its cell or compartment, and will at the same time be separated from those above and below it and held. * * *

It also states that: * * * The bottom portion 6 is preferably slightly concave-convex, but this is not absolutely essential, *nor is its exact position.* * * * (Italics ours.)

We think that any one practicing the art taught by the Koppelman & Cooper patent might naturally construct the device there shown by arranging that the central depression shall not be either above or below the plane of the sheet, but that it shall be upon such plane, in which case he would have essentially appellants' structure, and that if he did so no invention would be involved. If appellants' claims are allowed, any construction of the device shown by Koppelman and Cooper, carried out as above indicated, would conflict with appellants' claims. We are therefore of the opinion that, in so far as appellants' claims differ from the construction specifically shown by Koppelman and Cooper, there is no invention involved because the modification is of such a character as is within the scope of the Koppelman and Cooper disclosure. While the Koppelman and Cooper claims are limited to a devise for packing eggs and other fragile articles, the device may, generally speaking, be used for any purpose for which it is adapted. "The inventor of a machine is entitled to the bene-

fit of all the uses to which it can be put, no matter whether he had conceived the idea of the use or not." Roberts v. Ryer, 91 U. S. 150, 157, 23 L. Ed. 267.

In view of the conclusion we have reached it is unnecessary to discuss the Miller reference.

We find no error in the conclusions of the Board of Appeals, and its decision is affirmed.

Affirmed. ·