## In re GOLLMAR.
### Patent Appeal No. 3183.

Court of Customs and Patent Appeals.
Dec. 23, 1933.

Horace B. Cooke, of Pittsburgh, Pa., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Patent Office.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

The Board of Appeals of the United States Patent Office affirmed a decision of the Examiner rejecting five claims in appellant's application entitled "Improvements in Gas Purification Process," whereupon appeal was taken to this court. Three claims were allowed by the Examiner.

It may be stated that, after the Board's decision, rendered November 24, 1931, appellant filed an application for reconsideration, accompanying same with affidavits, and the Board thereupon remanded the application to the Examiner, who held that the new questions presented were "not before the Examiner for decision." The case being then again considered by the Board of Appeals, that tribunal, for the reasons quite fully stated by it, adhered to its former decision.

In the brief filed for appellant, the appeal was withdrawn as to four of the appealed claims, leaving only one (No. 8) to be here considered. This claim reads as follows:

"8. The process of purifying a gas by removing therefrom acidic impurities, which comprises washing the gas with a solution containing a compound of ammonia and arsenic in the ratio of not more than three (NH4) radicles to one (As) atom."

Three references are cited: Edwards (Br.) 162747 of 1921; Jacobson, 1719180, July 2, 1929; Gollmar, 1719762, July 2, 1929.

The patent to Gollmar so cited is a patent of appellant himself, issued after the filing of the application here involved. It is therefore available as a reference only to the extent of its claimed subject-matter. It contains a number of broad claims, of which No. 1 is typical: "1. The process of purifying gas by removing therefrom impurities comprising sulphur compounds which comprises

subjecting the gas to contact with a thio-arsenic compound."

The patent also contains limited claims, such as No. 8, which specifies "washing the gas with a solution of a sodium thio-arsenic compound." This, it is said, limits those claims to the use of sodium, while such claims as No. 1, supra, protect as to the use of either sodium or ammonium.

There are also other claims, such as Nos. 20 and 25, which specify proportions of the gas-washing solution, as "sodium and arsenic in the ratio of at least more than one atom of sodium to one atom of arsenic."

The Jacobson and Edwards patents were cited by the Examiner as "additional evidence to show the obvious equivalency of sodium and ammonium as alkali-forming elements."

In rejecting the claim here involved, both the Examiner and the Board of Appeals gave detailed reasons for holding, to quote from the brief of the Solicitor for the Patent Office, that: " * * * It [the claim] is based on an equivalent and, so far as the disclosure is concerned, unpatentable species over the broad claims and the species, sodium, standing in the prior [Gollmar] patent."

In other words, the real ground of rejection by the tribunals of the Patent Office is that the involved claim does not distinguish patentably from the claims which were granted in appellant's former patent.

Appellant submitted the case in this court upon brief, making no oral argument, and the brief does not discuss the actual ground of rejection, but merely points out that the rejected claim is specifically described in the specification of the application with respect to proportions. There is no question as to this, and the brief of the Solicitor for the Patent Office goes further and says: "Appellant might also, but did not, have stated the fact that claim 8 is a claim in the application as filed, and its subject matter was of course disclosed in the claim, if nowhere else, as original claims are a part of the original application."

A careful examination of the decision of the Board of Appeals leaves no doubt but that the matter of proportions received due and correct consideration, and, we think, there is no error in the Board's statement, reading: " * * * That in this situation, where the prior patent sets forth ammonium as being only equivalent to the other alkaline substances named such as sodium, potassium, magnesium and calcium and where no cross reference was embodied in that specification that anything was claimed in another case with respect to these, that applicant is not now entitled to claims in another and later patent based on another one of these several equivalent agents. Applicant has broad claims—1, 5 and 30—in the patent which protect him as to ammonium as well as to sodium during the life of the patent. It would not be in conformity with the principle of the patent statutes to now grant claims for ammonium merely as another equivalent species. This would be an attempt to extend the monopoly as to the matter claimed in the patent purely on an equivalent agent so far as originally shown."

The appeal is dismissed as to the claims which were withdrawn, and the decision of the Board of Appeals as to claim 8 is affirmed.

Affirmed.