Hatfield, Judge
delivered the opinion of the court:
This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 1, 2, 3, 6, and 7 in appellant’s application for a patent for an alleged invention relating to improvements in an electrical ignition device for fluid fuel burners.
Claim 2 is illustrative. It reads:
2. An electrical ignition device adapted to be connected to a source ot electricity, including a transformer and a resistance element connected in the secondary circuit of the transformer, and means within the transformer whereby irrespective of variations in voltage in the primary, a secondary constant current is induced.
The references are:
Van Slyck, 678,069, July 9, 1901.
Darrah, 1,365,305, Jan. 11, 1921.
Swiss patent, 94,935, June 1, 1922.
Warrick, 1,648,924, Nov. 15, 1927.
Booth, 1,694,053, Dec. 4, 1928.
Montsinger, 1,756,875, Apr. 29, 1930.
The alleged invention relates to an ignition device for oil burners involving an incandescent wire, as distinguished from so-called “ jump-spark ” igniters.
It appears from appellant’s specification that—
A piece of resistance material heated to incandescency by the passage of tho current therethrough was one of the simplest ignition devices employed but was soon replaced by the jump spark device, very similar to the spark plug of the automobile, because of the variation in the voltage of the commercial line. The commercial current for houselighting is generally presumed to be 110 volts, yet in different localities and under different conditions it varies from 70 volts to 140 volts. This variation in the commercial voltage made it impracticable to construct and adjust at the factory an incandescent resistance ignition device which would operate under such a large range of different voltages. If the voltage in the locality was lower than that for which the device was adjusted, the device would not become incandescent and would therefore be inoperative, and if the voltage was greater than the adjustment then the device would be burned up by the excessive heat produced and likewise become inoperative.
In order to overcome the difficulties referred to in the quoted excerpt, appellant placed a constant current transformer in a secondary circuit in the electrical ignition system.
It appears from the record that appealed claim 2, hereinbefore quoted, was in Interference No. 61,687, involving the following applications: Appellant, Serial No. 331,542, filed January 10, 1929; Lee *864 S. Chadwick, et al., Serial No. 478,140, filed August 27, 1930; Reginald W. Beckett, Serial No. 474,523, filed August 11, 1930; Elliot D. Harrington, Serial No. 393,028, filed September 16, 1929; and that the parties Chadwick, et al. and Harrington moved to dissolve the interference on the ground that the count there involved was not patentable over the prior art.
The motion to dissolve the-interference was sustained by the Examiner of Interferences, and, on appeal, the Board of Appeals affirmed the decision of the examiner, on the ground that it did not involve invention, in view of the patents to Warrick, Darrah, Montsinger, Van Slyck, and the Swiss patent, supra, to provide a constant current transformer in an electrical ignition system for use in fluid fuel burners. In its decision, the board, among other things, said:
It is urged by McCabe that no reference discloses the use of a constant current transformer in an ignition system and that it has great advantage in this use since the voltage of the alternating current lines varies widely in different localities. When a constant current transformer is used, the current in the secondary circuit remains substantially constant in value notwithstanding such fluctuations in voltage in the primary circuit and consequently the ignition coil is always properly heated and at the same time protected from excessive currents which would cause it to burn out. It is McCabe’s view that since no •one prior to the applicants of the instant proceeding thought of the use of a constant current transformer for this purpose, such use was unobvious and amounted to invention.
On the other hand it is the position of the Examiner and of the party Chadwick et al. that the very purpose of using a constant current transformer in any system is to insure substantially constant current in the secondary current notwithstanding variations in voltage in the primary. The filament, for. instance, of Darrah’s lamp 9 corresponds quite closely to the ignition coil 11 in Warrick. If the current in the secondary 8 is permitted to fluctuate to- a considerable extent, it may become so low as to improperly heat the filament for its intended purpose or it may become so high as to cause the filament to burn out. We believe the substitution' of a constant current transformer for Warrick’s transformer 13 amounts to no more than an obvious selection of the desired type of transformer with its known advantages.
Subsequent to tbe dissolution of the involved interference, the appealed claims were prosecuted ess parte by appellant. Claims 1, 2, and 3 were rejected by the Primary Examiner for the reasons assigned by the Board of Appeals in its decision in the interference proceeding, in which claim 2 was held unpatentable over the prior art cited. Appealed claims 6 and 7 were rejected for the same reasons, in view of the reference patent to Booth.
We deem it unnecessary to describe in detail the disclosures of the references. It is sufficient to say that they disclose the use of constant current transformers of the type employed by appellant; for *865 example, as stated in the patent to Darrah, “ a distributing system by means of which a direct-current circuit that is subject to a wide range of voltage fluctuations, such as a trolley circuit, may be utilized to furnish an electromotive force of constant value to a lighting circuit comprising incandescent lamps.”
Therefore, the real issue in the case is whether the use of a constant current transformer in an electrical ignition device, of the type claimed by appellant, involves invention, in view of the fact that it was old to use such transformers in the electrical art in order to secure an electric current of constant value in the secondary circuit, regardless of fluctuations in the voltage in the primary circuit.
It may be conceded that appellant’s device is a meritorious one, and that it is commercially successful. Nevertheless, there is absolutely nothing in the record to indicate that the use of a constant current transformer in an electrical ignition device, of the type claimed by appellant, was not obvious to one skilled in the art.
Had the record disclosed that the problem, if it may be so denominated, confronting appellant and those skilled in the art had actually remained unsolved over a protracted period of time, it might be argued with some plausibility that the use of a constant current transformer in an electrical ignition device for fluid fuel burners, for the purposes set forth in appellant’s specification, involved invention. However, under the facts of record, we are unable to hold that the tribunals of the Patent Office reached the wrong conclusion. Accordingly, the decision of the Board of Appeals is affirmed.