36 C.C.P.A. (Patents)

### Application of DOLL.
### Patent Appeal No. 5588.

United States Court of Customs and Patent Appeals.

June 28, 1949.

Campbell, Brumbaugh, Free & Graves, New York City (Worthington Campbell and John E. Dumaresq, New York City, of counsel), for appellant.

W. W. Cochran, Washington, D. C. (E. L. Reynolds, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL and JOHNSON, Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all the claims, Nos. 6, 8, 9, and 10, in appellant's application for a patent for alleged new and useful improvements in "Well Logging Method and Apparatus."

Claim 10 is representative of the appealed claims. It reads—"10. Apparatus for investigating earth formations traversed by a bore hole comprising a plurality of spaced apart electrodes movable simultaneously along the bore hole, means for supplying electrical energy to a ground point and alternately and in continuing succession to two of said electrodes during a single traverse of said bore hole, thereby alternately creating at least two electrical fields in the surrounding formations, and means for obtaining indications of the potential differences produced by said electrical fields between a ground point and a third of said electrodes spaced unequally from said two electrodes."

Appellant's application relates to an apparatus and method for determining the geologic nature of the successive layers of the earth's formations by means of electrodes lowered into a bore hole containing a

column of liquid. The disclosed apparatus consists of a plurality of electrodes immersed in the liquid in the hole; namely, a potential electrode, connected in series with a recorder, and a pair of power electrodes which are spaced apart from each other and spaced apart from the potential electrode. The two power electrodes are alternately connected by means of a conventional type commutator to a source of electrical energy, one terminal of which is grounded at the surface of the earth. The two different electrical fields set up in the formations surrounding the bore hole, when the two power electrodes are alternately energized, impress a potential upon the described potential electrode which, as noted in the specification, is known to be a function of the electrical resistivity of the adjacent earth's formations.

The instant application, filed March 24, 1942, is a continuation-in-part of appellant's prior application, Serial No. 190,652, which was issued as patent No. 2,317,259 on April 20, 1943. The parent application, as correctly described in appellant's brief, disclosed a number of species of the invention, including the single species to which the appealed claims are drawn, and the Patent Office therein allowed a generic claim and claims directed to three elected species. Appellant filed the present application including the appealed claims to cover a fourth one of the species disclosed but not claimed in the parent application. There is no dispute that the appealed claims could have been presented in the parent application had appellant elected to do so.

The examiner rejected the claims on a multiplicity of grounds but the only rejection by him which was affirmed by the board was that based on double patenting for the stated reason that the appealed claims are not patentably distinct from claims 5 and 6 of appellant's prior patent No. 2,317,259. It is therefore unnecessary to consider any other reference cited by the tribunals of the Patent Office.

Appellant emphatically contends in his brief that inasmuch as "All of the patent claims cover systems having one current electrode and two potential electrodes, whereas the appealed species uses two current electrodes and one potential electrode,"

none of the patented claims is readable in terms on the species defined in the appealed claims, and upon these facts appellant can now successfully claim the species here in issue, citing In re Peiler, 48 F.2d 405, 18 C.C.P.A., Patents, 1102.

The language quoted by appellant from the case upon which he relies is not in point here. It is stated in that decision that an appellant "may have separate valid patents as he makes patentable inventions." Clearly that statement does not, however, constitute a holding by this court that, contrary to the rule which the court has uniformly followed, an applicant may have two patents on species which are not patentably distinct from one another and when only one inventive concept is present. In re Jennings, 167 F.2d 1014, 35 C.C.P.A. Patents, 1163.

The difference between the species defined in claims 5 and 6 of appellant's patent and the species defined in the appealed claims merely involves an obvious reversal of the manner of applying the electrical energy to the respective classes of electrodes, with no difference in the final result, and the board in its decision correctly held: " * * * The equivalency of the two species is apparent from the manner in which they were disclosed in the parent application and we are of the opinion that it is patentably immaterial whether the power is supplied to the current electrode and the recording meter is alternately switched between two potential electrodes as shown and claimed in appellant's patent or whether the energy is alternately applied to spaced apart current electrodes and the recorder is connected in the potential electrode circuit as claimed herein."

Counsel for appellant contend in their brief that "the rejection of the appealed claims in the continuing application as not distinguishing patentably from the claims in patent No. 2,317,259 addressed to other species is, we submit, a rather technical ground of rejection."

With respect to that contention, the court concludes upon the facts presented that the species of the invention here in issue is not patentable over generic claims

of appellant's patent, and that the allowance of the appealed claims would result in double patenting and the extension of appellant's patent monopoly by a number of years. Accordingly, it is our opinion that the decision of the board in the rejection of the instant claims was a proper decision under the authorities hereinbefore cited and under the authority of such cases as In re Ward, 150 F.2d 436, 32 C.C.P.A., Patents, 1238; In re Loiseleur, 158 F.2d 309, 34 C.C.P.A., Patents, 765; In re Korpi et al., 160 F.2d 564, 34 C.C.P.A., Patents, 956.

In view of the conclusion hereinbefore expressed, it is deemed unnecessary to discuss other points presented by counsel, and the decision of the Board of Appeals is affirmed.

Affirmed.

By reason of illness, HATFIELD, Judge, was not present at the argument of this case and did not participate in the decision.