### Application of BORCHERDT et al.
### Patent Appeal No. 5892.

United States Court of Customs
and Patent Appeals.
June 24, 1952.

A. McAlevy, Wilmington, Del. (Allan R. Plumley, Wilmington, Del., of counsel), for appellants.

E. L. Reynolds, Washington, D. C. (J. Schimmel, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and JACKSON (retired), Judges.

WORLEY, Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner finally rejecting all of the claims, 4 to 12, inclusive, of an application of appellants, serial No. 768,648, filed August 14, 1947, entitled "For Synthesis of Organic Nitriles." Claims 6 and 7 were further rejected as failing to read on the elected species.

Claim 4 is illustrative of the involved subject matter and reads as follows:

"4. A process for the preparation of organic nitriles having a double bond between carbon atoms, one of which is singly bonded to a carbon atom attached directly to a–CN group, which comprises introducing into a reaction vessel a chlor*d*ydrocarbon having from 4 to 10 carbon atoms per molecule, and having a double bond between

carbon atoms, one of which is singly bonded to a carbon atom attached directly to a chlorine atom, said carbon atom being entirely singly bonded, and hydrogen cyanide, heating the said cyanide and chlorohydrocarbon in an aqueous liquid medium at a temperature within the range of about 50° to 180° C. in the presence of a water-soluble nonalkaline buffer acceptor salt which maintains the pH of the mixture within the range of 2.0 to 7.0, continuing the resulting reaction in the liquid phase under acidic aqueous conditions until a nitrile having a double bond between carbon atoms, one of which is singly bonded to a carbon atom attached directly to a—CN group, is obtained, and thereafter separating the said nitrile from the resulting reaction mixture."

The cited references, all of which are the property of appellants' assignee, the E. I. duPont de Nemours & Co., Wilmington, Delaware, are: Hager 2,477,597 August 2, 1949; Johnson et al. 2,477,617 August 2, 1949; Webb et al. 2,477,672 August 2, 1949; Whitman 2,477,674 August 2, 1949.

The involved subject matter, as may be observed from a reading of claim 4, relates to the preparation of organic nitriles. It is said that the claims define a specific improvement over the acknowledged prior art. Appellants state that they discovered, by reason of their process, higher yields of the desired organic nitriles. The process consists in the reaction between an organic halide and the hydrogen cyanide in an acidic aqueous system at between 50° C. and 180° C. The reaction occurs in the presence of a water-soluble non-alkaline buffer salt. The salt is employed as an acceptor for the hydrogen halide formed in the reaction and the pH of the system on the acid side is maintained preferably within the range of 2.0 to 7.0. It is said that higher yields of the sought product are obtained in a short reaction time.

The examiner held the appealed claims to be unpatentable over the claims of the Hager patent in view of the claims of the other references. That holding was affirmed by the Board of Appeals which re-fused to make any change in its decision upon request for reconsideration.

Since no ground of rejection given by the examiner was specifically reversed by the board, we have before us all of the grounds of rejection.

It is set out in the statement of the examiner that the Hager patent describes and claims the identical process defined by the involved claims with the exception that NaCN (sodium cyanide) is employed in the patent instead of HCN (hydrogen cyanide) used in the rejected claims. The examiner stated that the claims of the other three references recited the same reaction of HCN in an aqueous acidic media and thus make abundantly clear the interchangeability of NaCN and HCN. He held, therefore, that those two substances are species of the same invention and that a species is not patentable over another patent claiming another species in the absence of some unforeseen advantage, citing among other cases In re Slepian, 49 F.2d 835, 18 C.C.P. A., Patents, 1393.

The examiner pointed out that it has been repeatedly held that two patents may not properly issue for different forms of the same invention. He was of the opinion that claims to the subject matter of the Hager patent and the involved claims could have been made in the same application together with a valid generic claim.

The identity of the processes heretofore noted between the claims of the Hager patent and those before us has not been questioned and, therefore, the examiner's statement that the processes are identical must be regarded as correct.

It was conceded by counsel for appellants, with respect to the statement by the examiner that NaCN and HCN are two species of the same invention, that the process in the patent is closely related to the process defined in the appealed claims. He contends, however, that because the claims of the patent and those before us are mutually exclusive, the tribunals of the Patent Office erred in rejecting the claims of the instant application.

It is further conceded by counsel for appellants that the process defined in the Hager patent is capable of yielding above

90 per cent of the sought product and that the process of the involved claims is no more advantageous. Clearly the only difference between the claims of the patent and those here involved resides in the use by appellants of hydrogen cyanide instead of sodium cyanide.

■ Two patents may not issue for different forms or species of the same invention when they are non-inventively different. In re Gollmar, 67 F.2d 907, 21 C.C.P.A., Patents, 749; In re Slepian, supra; In re Sherman, 121 F.2d 527, 28 C.C.P.A., Patents, 1329; In re Korpi, 160 F.2d 564, 34 C.C.P.A., Patents, 956; In re Jennings, 167 F.2d 1014, 35 C.C.P.A., Patents, 1163; In re Doll, 175 F.2d 583, 36 C.C.P.A., Patents, 1140.

While in those cited cases the inventorship was the same, we are of the opinion, as suggested in the brief of the solicitor, that under the rule set forth in the case of In re Mann, 47 F.2d 370, 18 C.C.P.A., Patents, 1020, the same principle applies to patents of different inventors granted to a common assignee.

The Board of Appeals in its decision referred specifically to the Webb et al. patent. Both the Hager and the Webb et al. patents were relied upon by the tribunals of the Patent Office as showing the equivalency of HCN and NaCN.

Counsel for appellants contends that the statement of equivalency, as set out in the decisions of the tribunals of the Patent Office, cannot defeat appellants' claims unless the equivalency is obvious or taught by the prior art.

■ There is no question but that the matter of equivalency is a question of fact and its proof can be established in any form. Graver Tank & Mfg. Co., Inc., v. Linde Air Products Co., 339 U.S. 605, 70 S.Ct. 854, 94 L.Ed. 1097.

■ It has been held many times by this court that where the disclosure of an application give two materials or operations as equivalents, such disclosure alone may be sufficient for the rejection of a claim specific to one equivalent where the other appears in the prior art. In re Ayres, 83 F.2d 297, 23 C.C.P.A., Patents, 1118;

In re Withington, 104 F.2d 192, 26 C.C.P.A., Patents, 1290; In re Switzer, 166 F.2d 827, 35 C.C.P.A., Patents, 1013; In re Lobdell, 167 F.2d 634, 35 C.C.P.A., Patents, 1091; In re Field, 174 F.2d 128, 36 C.C.P.A., Patents, 1035; In re Doll, supra; and In re Bloomer, 178 F.2d 407, 37 C.C.P.A., Patents, 770.

There does not seem to be any controversy that NaCN and HCN are equivalents in the claimed process. Counsel for appellants seems to be opposed only to the manner in which the examiner sought to establish such equivalency.

It appears to us that when the assignee of appellants filed an application in the Patent Office describing such equivalency, and the case was permitted to mature into a patent, with a claim setting out "a cyanide of the class consisting of hydrogen cyanide, alkali metal cyanides, and alkaline earth metal cyanides," appearing in claim 1 of the Webb et al. patent, the assignee may not now question the fact or form by which equivalency is established.

■ We are of the opinion that even though we should assume that the Webb et al. patent is not technically prior art herein, by reason of the fact that the application for that patent as well as those of the other reference patents were copending with the involved application, that the Webb et al. patent has been properly used to support the fact of equivalency. It does not matter as to when the appellants reduced the claimed process to practice. In our opinion, the question of equivalency of hydrogen cyanide and sodium cyanide may not now properly be urged by appellants in view of the disclosure in claim 1 of the Webb et al. patent.

■ As has hereinbefore been set out, the only difference between the claims of the Hager patent and the involved claims is in the employment of an equivalent material. The use of such equivalent is noninventive in the circumstances of this case. Therefore, it is a non-patentable variation of that defined and claimed in the Hager patent.

It appears to us, and is not challenged by appellants, that the claim from which we

quoted in the Webb et al. patent is broad while the claims herein are for improvements on such broad invention. It is conceded by counsel for appellants that the only difference between that patent and the involved claims is that in the patent an aqueous acid medium is employed while in the rejected claims a buffered aqueous acid medium is used.

Claim 4 of the Webb et al. patent defines an aqueous acid medium having a water-soluble hydrogen halide acceptor and the appealed claims define the same aqueous medium and a water-soluble non-alkaline buffer acceptor salt. We think, as is argued in the brief of the solicitor, a comparison of those expressions makes it obvious that the statement in the patent is of a broader scope. Furthermore, it is admitted by counsel for appellants that the word "acceptor" is broader than the word "buffer" in that a "buffer" is a particular kind of an "acceptor."

If the claims on appeal could have been made in the Webb et al. patent, clearly the rejection herein was proper for the reason that it would not be legal to extend the monopoly of the patent by granting the involved claims. In re Mann, supra.

In the Webb et al. patent, among the various aqueous acid solutions described therein, we find a hydrochloric acid-chloride mixture similar to the mixture set out in the Hager patent as a "standard buffer mixture." Therefore, the expression "water-soluble non-alkaline buffer acceptor salt," appearing in claim 4 of the instant application, reads directly on the mixture appearing in the Webb et al. and Hager patents. It appears to us that the appealed claims differ only in scope from the patent claims and for that reason the claims herein could have been made in the Webb et al. patent, as was held by the examiner.

For the reasons hereinbefore set out, the decision of the Board of Appeals is affirmed.

Affirmed.

JACKSON, J., retired, recalled to participate herein.