41 C.C.P.A.(Patents)

## Application of McCARN.
### Patent Appeals No. 6052.

United States Court of Customs
and Patent Appeals.
April 9, 1954.

Rehearing Denied May 24, 1954.

Burns B. McCarn, pro se.

E. L. Reynolds, Washington, D. C. (H.
S. Miller, Washington, D. C., of counsel),
for the Commissioner of Patents.

Before O'CONNELL, JOHNSON,
WORLEY, COLE, and JACKSON (re-
tired), Judges.

JACKSON, Judge.

Appellant has appealed from a decision
of the Board of Appeals of the United
States Patent Office affirming a decision
of the Primary Examiner finally reject-
ing claims 4 to 19, inclusive, in an ap-
plication for Adjustable Clamping and
Locking Means, Serial No. 702,771, dated
October 11, 1946.

Certain claims were rejected on the
ground of indefiniteness and all of the
claims were further rejected as unpatent-
able over the prior art. The cited refer-
ences are: English 135,898 Feb. 18,
1873; Howes 341,145 May 4, 1886;
Badger 1,655,123 Jan. 3, 1928; Poupitch
2,269,476 Jan. 13, 1942.

In view of our conclusion that the latter rejection was proper, it will only be necessary to discuss the patent to English and that of Poupitch.

Claims 4, 5, 6, and 7 were considered by the Board to be illustrative and they read as follows:

"4. An adjustable clamping and locking means comprising: a member having a free end suitable for threading with a common external screw thread; a free-ended external screw thread at and adjacent to the said free end of the said member, the said free-ended thread consisting of a ridge of uniform profile and in the form of a helix on the external surface of a cylinder, and the said free-ended thread having throughout its length, a uniform pitch, a uniform major diameter and a uniform minor diameter; a special external screw thread on the said member and adjoining the said free-ended thread, the special thread continuing from the free-ended thread with substantially the same pitch, the same major diameter and the same form of thread profile at the crest of the thread and at the portions of the flanks of the thread adjoining the crest as for the free-ended thread, the special thread having a minor diameter substantially larger than the minor diameter of the free-ended thread, and the deviation in minor diameter between the free-ended thread and the special thread being made abruptly; at least one nut tapped to fit the special thread, and the length of the special thread being at least greater than the thickness of the said nut; and at least one nut tapped to fit the free-ended thread, and the length of the free-ended thread being at least greater than the thickness of the said nut tapped to fit the free-ended thread.

"5. An adjustable clamping and locking means according to claim 4, and the said minor diameter of the said special thread being substantially equal to the arithmetical mean of the major and minor diameters of the said free-ended thread.

"6. An adjustable clamping and locking means according to claim 4, and the said special thread having a rounded thread profile at the root of the thread.

"7. An adjustable clamping and locking means according to claim 4, and the said free-ended thread having an American National form of thread."

The invention relates to adjustable and locking means particularly directed to thread-locked adjustable clamps on rods or shafts designed to be used as hangers which may support loads as posts or struts or as machine elements designed to transmit forces. The device disclosed includes a rod, which has a coarse screw thread at a free end, and a half-depth screw thread which continues from a coarse thread at its outer diameter and two nuts differently tapped so that one fits the half-depth thread and the other the course thread. The change from full depth to half depth of the thread may be either gradual or abrupt and, as stated in the specifications, "the rate of change used may depend upon convenience as related to the method of manufacture."

The patent to English is for Improvement in Screw-Bolts and Nuts. There is disclosed in the drawings a bolt possessing coarse threads of full depth over a section of the bolt and continuing with threads which are of lesser depth. A nut is provided, the internal threads of which fit both portions of the bolt. It is stated in the specifications that "the nut instead of being made in one piece might be made in two parts like a nut and a lock-nut," the one part suitable for use on the tapered end of the bolt and the other fitting the full depth.

The patent to Poupitch relates to a Self-Locking Screw. It discloses "a screw in which the root diameter in the vicinity of the screw head is greater than the root diameter of the remaining portion of the screw."

Among the other reasons for rejecting the claims, the patentability of all of the claims was denied by the Primary Examiner as unpatentable over the English reference. The Board of Appeals agreed with that reason for rejection.

The prosecution of the application is said to be a continuation of a copending application of appellant, Serial No. 559,340, filed October 19, 1944. Appellant states in his instant application that the copending one defines an adjustable clamping and locking means on a particular hanger for trolley rails and that the present application contemplates the use of such means for general purposes. It further appears in the record that appellant is the owner of Patent No. 2,577,789, which was issued on December 11, 1951 for a "Hanger for Trolley Rails."

It may be noted that appellant has prosecuted the present application through the Patent Office, written his own brief to this court, and argued the same *pro se.*

 Appellant in his brief mistakenly stated that the patent to English is a foreign patent and contends that the rejection of the claims on the patent to English would be valid only if that patent anticipates the involved claims. Of course that is not a principle of patent law. In re Harding, 205 F.2d 171, 174, 40 C.C.P.A., Patents, 1005. In that case, we stated that "Mere novelty does not however connote patentability, particularly in the building art wherein it is regarded as routine practice in designing new structures to adapt and modify basic architectural plans to provide for better, more economical, and more desirable housing."

 In appellant's brief he states that he would not consider gradual and abrupt changes in minor diameter to be equivalents. However, as has been heretofore set out, he stated in his specifications that the change from full to shallow depth may be either abrupt or gradual and that the rate of exchange would depend upon convenience. Therefore, it is obvious that appellant may not argue for patentability with respect to one of the alternatives as compared to another. That principle has been set out in a number of decisions of this court. In re Ayres, 83 F.2d 297, 23 C.C.P.A., Patents, 1118; In re Withington, 104 F.2d 192, 26 C.C.P.A., Patents, 1290; In re Lobdell, 167 F.2d 634, 35 C.C.P.A., Patents, 1091; In re Switzer, 166 F.2d 827, 35 C.C.P.A., Patents, 1013; In re Yount, 171 F.2d 317, 36 C.C.P.A., Patents, 775; In re Field, 174 F.2d 128, 36 C.C.P.A., Patents, 1035; In re Doll, 175 F.2d 583, 36 C.C.P.A., Patents, 1140; In re Bloomer, 178 F.2d 407, 37 C.C.P.A., Patents, 770; In re Borcherdt, 197 F.2d 550, 39 C.C.P.A., Patents, 1045.

 Appellant argued in his brief that certain dependent claims should be considered allowable if their antecedent claims were allowed. Certainly that is sound law but if the antecedent claims are not patentable, clearly the limitations in dependent claims are insufficient.

 It is true that the patent to English is quite old. But the fact that a given improvement appears after a long period of time has elapsed does not of itself prove that such change was unobvious. It may be that no need arose. If there be a want extending over a long period of time a recognized invention may be inferred rather than the mere exercise of mechanical skill. And as a corollary, a generally known want would ordinarily bring into play the mechanical skill of the art. Paramount Publix Corp. v. American Tri-Ergon Corp., 294 U.S. 464, 55 S.Ct. 449, 79 L.Ed. 997.

We find nothing in the instant case to indicate an old and recognized want which workers in the art may have tried to satisfy but were unable to do so until appellant showed them. In re McCabe, 74 F.2d 760, 22 C.C.P.A., Patents, 862; In re Christensen, 166 F.2d 825, 35 C.C.P.A., Patents, 1000.

 We are of opinion, despite argument of appellant to the contrary, that the Board did not err in its decision in making "such modification" of the English reference disclosure in order to make

it available to meet the claims. The reasons assigned in the decision of the Board convinces us that such change was obvious. The Board in no way suggested any changes which could by any proper course of reasoning be deemed to be a distortion of the English patent.

■ It appears to us, as was stated in the decision of the examiner, that appellant's claims are broad enough to cover the double lock nut structure disclosed by English and, in that connection, the examiner stated that appellant refused to accept a suggestion that his claims be limited to a rod of the type claimed, the thread sections of which are materially longer than the respective nut thickness to provide for a substantial amount of adjustment when a member is clamped between the nuts.

We find no error in the decision of the Board and for the reasons hereinbefore set out its decision is affirmed.

Affirmed.

JACKSON, Judge, retired, sat in place of GARRETT, Chief Judge.