44 C.C.P.A.(Patents).

**Application of Harry TANCZYN.**
**Patent Appeal No. 6254.**

United States Court of Customs
and Patent Appeals.
Feb. 8, 1957.

732

John Howard Joynt, Washington, D. C., for appellant.

Clarence W. Moore, Washington, D. C. (S. Wm. Cochran, Washington, D. C., of counsel), for Com'r of Patents.

Before JOHNSON, Chief Judge, and WORLEY, RICH and JACKSON (retired), Judges.

WORLEY, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the final rejection by the Primary Examiner of the single remaining claim of appellant's application for a patent on a manganese-nitrogen pre-alloy, on the ground of lack of invention over the prior art. The claim reads:

"9. Nitrided electrolytic manganese plates of about one-sixteenth inch thickness and containing 2% to 7% nitrogen and the remainder substantially all manganese."

The references relied upon are:

"Weitzenkorn et al. 2,454,020 November 16, 1948. Metals and Alloys, April 1944, page 859."

Appellant's application discloses a method of nitriding electrolytic manganese which comprises subjecting it to the action of nitrogen gas at elevated temperatures. The manganese may be in the form of particles "about the size of rice grains" or of plates about one-sixteenth of an inch thick, the latter form being the subject of the appealed claims. A further suggested embodiment of the alleged invention involves the use of the manganese in the form of a powder which is mixed with a binder and formed into briquets. In the appealed application it is stated that the nitrided material is useful as a pre-alloy in the production of alloy steels, but that it has been found to be wasteful to use such pre-alloy in the form of a fine powder.

The Metals and Alloys publication, which is the basic reference relied upon by the Patent Office, discloses the nitriding of various metals and alloys, including electrolytic manganese, by subjecting them to the action of ammonia gas at elevated temperatures. All the materials treated were ground to pass an 80 mesh sieve.

The Weitzenkorn et al. patent relates to the nitriding of iron-chromium (ferrochromium) alloys, and discloses that lumps of such alloys "approximately the size of a small walnut" may be effectively nitrided by reacting them with nitrogen gas at high temperatures.

It was the position of the Patent Office tribunals that since the Metals and Alloys publication discloses the nitriding of pure manganese in the form of a fine powder, to approximately the degree specified in the appealed claim, and since Weitzenkorn discloses that fairly large lumps of ferrochromium can be nitrided, it would be obvious to one skilled in the art that such lumps, or plates of manganese could be similarly nitrided. The board noted that appellant's specification states that thin plates and uniform particles of manganese the size of rice grains are "about equally suitable" for nitriding, from which it was concluded that plates were not patentably distinct from such particles.

We agree with the board that the publication fully discloses the nitriding of electrolytic manganese, in the form of a fine powder, to the degree specified in the appealed claim. Also shown therein is a grinding or crushing step prior to nitriding. Therefore, it remains to be determined whether the Weitzenkorn et al. patent would fairly suggest to one skilled in the art that manganese might be satisfactorily nitrided in the form of thin plates.

The Weitzenkorn patent, like appellant's application, relates to a pre-alloy for use in metallurgical operations, and it is stated in the specification that ex-

tremely small lumps of such an alloy usually have no practical use in such operations. The patentee, accordingly, discloses and claims the nitriding of ferrochromium in lumps of about one-inch size, and states that such lumps may be nitrided to as much as two percent nitrogen content.

The patent thus discloses the desirability of using a pre-alloy in the form of lumps rather than powder and teaches that ferrochromium in the form of such lumps may be nitrided by exposing it to a nitrogen-containing gas at high temperatures. On the other hand, it is stated in the patent specification that this nitriding effect "is in direct contrast with that of nitriding chromium metal where but a thin case is formed."

It is contended by appellant that the electrolytic manganese recited in the appealed claim is analogous to chromium metal rather than to ferrochrome, and that accordingly the Weitzenkorn disclosure would not suggest that manganese could be nitrided in the form of lumps. However, the patent definitely discloses that nitrided metallic materials in the form of lumps are useful as pre-alloys, and that at least one such material—ferrochrome—may be readily nitrided in lump form. We are of the opinion that such a disclosure would logically suggest to one skilled in the art that lumps of other such materials might be similarly nitrided. The fact that the patent indicates that metallic chromium cannot be nitrided in lump form should not serve to discourage all further experimentation with other metals. The suggestion received by a skilled worker would be that some metallic substances could be nitrided in lump form while others could not; and it would be obvious to conduct experiments to ascertain what metals are suitable. The publication discloses that electrolytic manganese can be nitrided in powder form and used in metallurgical operations, and that disclosure would

suggest an attempt to nitride that material in the form of lumps.

It has been repeatedly held that a patent should not be granted for an applicant's discovery of a result which would flow naturally from the teachings of the prior art. In re Inman, 228 F.2d 226, 43 C.C.P.A., Patents, 706; In re Kelley, 230 F.2d 435, 43 C.C.P.A., Patents, 816, and cases there cited. In our opinion, the idea of nitriding electrolytic manganese in the form of lumps would flow naturally from the disclosures of the Metals and Alloys publication and the Weitzenkorn patent.

The appealed claim states that the nitrided material is in the form of plates of about one-sixteenth of an inch thickness, rather than in lumps, but it does not appear that any new or unexpected result is obtained by that particular form. On the contrary, appellant's specification, after describing the use of lumps about the size of rice grains, states that "About equally suitable, however, I have found to be thin plates of electrolytic manganese, this on the order of one-sixteenth inch thickness. These pick up nitrogen about as well as do the grains." In view of that statement we cannot agree with appellant's present contention that there is a patentable distinction between the lump and sheet forms. In re Borcherdt, 197 F.2d 550, 39 C.C.P.A., Patents, 1045, and cases there cited.

We are of the opinion that the appealed claim recites no more than a result which would be obvious from the combined teachings of the reference relied on. The decision of the Board of Appeals is accordingly affirmed.

Affirmed.

JACKSON, J., retired, recalled to participate in place of COLE, J.

O'CONNELL, J., did not participate in the hearing or decision of this case.