47 CCPA

**Application of Leo L. LECHENE.**
**Patent Appeal No. 6487.**

United States Court of Customs
and Patent Appeals.
April 6, 1960.

174

Robert I. Dennison, Washington, D. C., for appellant.

Clarence W. Moore, Washington, D. C. (S. Wm. Cochran, Washington, D. C., of counsel), for Com. of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Judges, and Judge WILLIAM H. KIRK-PATRICK.[1]

SMITH, Judge.

Appellant here appeals from the decision of the Board of Appeals which affirmed the examiner's rejection of claims 1 through 3 and 7 through 9, the only claims remaining in the application. The invention disclosed relates to a method (claims 1–3) of applying fibers to the cores of rotary brushes such are used in large street sweeping apparatus, and to a bristle element therefor (claims 7–9).

Claims 1 and 8 are illustrative and read as follows:

"1. A method of applying brush stock to a cylindrical core of a rotary brush, the core being provided with a continuous spiral groove in its surface throughout its length, the method comprising forming the brush stock, consisting of a plurality of loose fibers, into an oblong layer in which the fibers are disposed parallel to each other and crosswise to the length of the layer, sewing the fibers into a mat by thread means applied to the fibers crosswise midway their length, applying the midportion of one end of the mat over the spiral groove at one end of the core, imparting to the core a rotary movement about its axis and applying over the mat crosswise thereto and directly over the groove a cable one end of which is attached to said end of the core, holding the cable under tension and causing it to be fed to the core as it rotates to force the midportions of the individual fibers progressively with the rotation of the core into the groove to the end of the core, and securing the cable thereto.

"8. As an article for the formation of bristles in a power-driven rotary ground-sweeping brush, a band of multiplicity of stiff, resilient fibers of vegetable origin disposed crosswise to the length of the band, all the fibers being of the same length and being bound together by thread means crosswise midway their individual lengths, the band comprising a plurality of fibers in depth and being of uniform thickness from one end to another, individual fibers being adapted to be bent upon themselves into a hairpin formation."

The references relied upon are:

"Dickinson       181,524   Aug. 29, 1876
Phillips         642,484   Jan. 30, 1900
Damm and
  Wobbe, Jr.   1,279,282   Sept. 17, 1918
Toplitz        1,398,245   Nov. 29, 1921
Sage           2,122,359   June 28, 1938
Plumeau
  et al.        2,323,420   July 6, 1943"

The present invention is essentially an improvement on the process shown in Plumeau et al. of making rotary brushes for mechanical street sweepers in which the broom straws are secured in the spi-

1. United States Senior Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge O'CON-NELL,* pursuant to provisions of Section 294 (d), Title 28, United States Code.

ral groove of a rotary core by a cable. The improvement which appellant discloses relates to the way in which the broom straws are fed to the drum. In Plumeau et al., the broom straws are manually fed by the operator and laid in the bight between the cable and the rotary drum. The broom straws are fed in separate bunches which are manually distributed as to thickness in the bight. This operation requires stopping the machine each time after one bunch is forced into the groove by the cable and starting the machine when the operator has grasped another handful of the broom straws and is ready to feed the straws to the bight between the cable and the drum.

As distinguished from the Plumeau et al. disclosures, appellant forms the broom straws into an elongated mat in which the broom straws are arranged transversely of the mat and held in place by a single line of stitching which runs the length of the mat midway of the ends of the broom straws. This enables appellant to feed an entire strip continuously to the machine instead of manually feeding separate bunches and intermittently stopping and starting the machine as in Plumeau et al.

Appellant asserts that the improvement over Plumeau et al. results in the production of an improved brush without thin spots in that the thickness of the broom straws are more uniformly distributed in the pre-sewn mat than is possible in the manual feeding process of Plumeau et al. This is asserted to result in the production of a brush which is stronger and which has a longer service life than the brushes produced by the Plumeau et al. teachings. In addition to this improvement in the brush itself, appellant's method, utilizing the pre-sewn mat of broom straws, is alleged to reduce by two-thirds the time required to attach the straws to the broom core.

The references do not disclose either appellant's method or article, so novelty is present. Utility of appellant's invention is established. However, 35 U.S.C. § 103 requires, in addition, that a patent may not be obtained on such an invention "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." The examiner and the Board of Appeals found appellant's invention to have been obvious and for this reason refused to allow the claims here on appeal.

██  Appellant asserts that the decision of the Board of Appeals is in error and argues that weight should be given to the commercial advantages inherent in his invention as showing that his invention was not obvious. In support of this position, appellant has directed attention to the fact that the Damm et al. reference had been issued 34 years and the Phillips reference had been issued for 52 years at the time the present application was filed. Such time lapses in the evolution of the art, while evidence which should be considered as bearing on the issue of obviousness of an invention, are not conclusive. It is pertinent to note, also, that Plumeau et al. issued in 1943 and that appellant filed his application in 1952. Since appellant's invention is, at best, an improvement over Plumeau et al., the time lapse in the evolution of this art is but 9 years. This, however, is of little significance. The fact that a given improvement appears after a long time lapse does not of itself prove that such change was unobvious. In re McCarn, 212 F.2d 797, 41 CCPA 905.

When we compare the disclosures of the prior art with the claims on appeal to ascertain precisely what it is that appellant asserts distinguishes his invention from the prior art, we are unable to find legally sufficient support for the position taken by appellant that the claimed invention is unobvious.

As previously pointed out, appellant's difference over Plumeau et al. resides in preforming elongated sewed mats of the broom straws and feeding such mats to the Plumeau et al. machine. Damm and Wobbe were concerned with a problem of

bristle feeding and, like appellant, fed a preformed oblong layer of bristles of uniform thickness to a cylindrical core having a spiral groove therein.

Appellant asserts that Damm and Wobbe lay their fibers or bristles on parallel spaced flat boards and that glue is applied along the line of the spacing. Appellant also points out that Damm and Wobbe use a straight member which is forced into the spacing between the two rails to bend the fibers or bristles into a U shape after which wire is threaded into the resultant looped portions of the fibers or bristles.

Damm and Wobbe do not show the feature of binding the broom straws with thread as called for in appealed claims 1, 2, 7 and 8. Claim 3 is not restricted to this feature and reads on the Damm and Wobbe reference. Claim 9 calls for "the fibers being sewn together by a single seam" and thus distinguishes over the Damm and Wobbe disclosure.

While we agree with the Board of Appeals that Damm and Wobbe discloses many of the features broadly covered by the claims on appeal, we do not think the Damm and Wobbe reference directly anticipates claims 1, 2, 7, 8 and 9.

Phillips provides a mat of brush bristles preformed as to length and thickness and pre-sewed so as to hold such thickness and shape for application to the bristle holding element of a brush. While Phillips does not specify the materials from which the bristles are made, it is noted that there are no limitations as to the brush forming elements in claims 1, 2 and 3 here on appeal. Phillips uses a tape midway of the length of the bristles and on both sides of the mat along its length and secures the tapes to the bristles by using two "seams" or parallel lines of stitching at the center of the tapes and the mat.

The sewing steps specified in the process claims here on appeal, read on the Phillips' method of sewing. Thus claim 1 calls for sewing the fibers midway of their length. Claim 2 calls for applying a "seam" midway of the fiber length. Claim 3 calls for binding the strips mid-

way of their length by a binder in the nature of a "seam." None of these claims is restricted to a single "seam" and so read equally well on the two "seam" stitching disclosed by Phillips.

Even if restricted to one "seam," the claims still would not be allowable. To omit one "seam" of Phillips, is but an obvious variation well within the expected skills of the art.

Phillips fully discloses the concept of preforming the bristle elements of a brush into mats or oblong layers in which the bristles are secured midway of their ends by a stitch which extends the length of the mat. As such, Phillips anticipates claims 7, 8 and 9.

Appealed claims 7, 8 and 9 contain certain limitations which appellant asserts distinguish the claims over Phillips. Thus, we are directed to the preamble of these claims and asked to find a distinguishing limitation therein to an article (claims 7, 8) or an element (claim 9) used in forming a rotary ground-sweeping brush. At best, such statements are no more than statements of intended use and function and cannot be relied upon to distinguish the claims over Phillips.

The description of the fibers in claims 7 and 8 as being "stiff, resilient" and in claim 9 as being "stiff" cannot be relied upon to establish patentability over Phillips. The terms are relative and describe the bristles of Phillips as well as those of appellant. Such a distinction is too indefinite to support the allowance of the claims.

We have also considered the reference to fibers "of vegetable origin" in claim 8 and to "stiff vegetable fibers" in claim 9. The origin and nature of the fibers is not a patentable distinction. We see nothing in the Phillips reference which would preclude use of his stitching process on such fibers and are unable to see why it would not be obvious to apply the Phillips stitching technique to such fibers.

The securing of bristles to the core of a rotary brush as disclosed by appellant is fully taught by Plumeau et al. except

for the appellant's particular method of feeding the broom straws to the machine. Feeding a flat mat of bristles is fully taught in Fig. 5 of Phillips. It would be obvious to make the Phillips mat of broom straws and to feed such a flat mat to the bight between the cable and the core in Plumeau et al. It is clear to us that this is all appellant has done.

The differences over the prior art as set forth in the appealed claims seem to us to be only such differences as we would expect to be obvious to one having the ordinary skills of this art at the time of appellant's invention. Although novel and useful, such an obvious invention is not patentable. 35 U.S.C. § 103.

For the foregoing reasons, we *affirm* the decision of the Board of Appeals.

Affirmed.