35 C.C.P.A. (Patents)

### Application of CHRISTENSEN et al.

### Patent Appeals No. 5414.

Court of Customs and Patent Appeals.
March 2, 1948.

H. C. Dieserud, of New York City, for appellants.

W. W. Cochran, of Washington, D. C. (Clarence W. Moore, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and HATFIELD and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner finally rejecting claims 1 to 5, inclusive, 10, 20, 21, 22, 24, 27, and 30 of an application, serial No. 364,382, filed November 5, 1940, for a patent for "Lock Stitch Sewing Machines," as unpatentable over the cited prior art. Three claims were allowed.

The references relied upon are: Mueller et al. 1,544,266 June 30, 1925; Schneider 1,604,078 October 19, 1926; Baker 1,679,199 July 31, 1928; Myers 2,095,450 October 12, 1937; Mackay, Jr. 2,112,172 March 22, 1938.

Claim 1, which is stated in appellants' brief to be the broadest of the claims on appeal, reads as follows: "1. In a lock stitch sewing machine, a vertically reciprocating needle; a vertical axis rotary hook to cooperate with the needle in stitch formation, said hook comprising a rotating component including a pendant shaft and a nonrotating component with a bearing surface in engagement with a corresponding bearing surface on the rotating component; a bracket supporting a bearing for said shaft and provided with an oil supply reservoir; and means associated with said bracket responsive to the rotation of said rotating component and independent of said bearing for delivering oil from the reservoir to the contacting bearing surfaces of the rotating and nonrotating components aforesaid to lubricate the same."

The invention relates generally to industrial sewing machines of the conventional

type comprising a pair of vertical axis rotary hooks in coordination with a pair of reciprocating needles for the formation of lock stitches, the rotary hooks being beneath the work support. The invention is specifically directed to the lubrication of the raceway for the rotary hooks. The device discloses a supply of lubricant fed from a reservoir at the bottom of the hook saddle, which is the part of the structure supporting the hooks and lubricating mechanism. The lubricant is fed from the reservoir to a smaller auxiliary chamber directly surrounding the lower end of a rotating hook shaft which is hollow. Within the bore of the hook shaft is a core pin around the surface of which extends lengthwise a spiral groove. The core pin is stationary within the hollow revolving shaft, and as the shaft revolves the lubricant is drawn upwardly along the core pin by the pumping action of the inner wall of the revolving shaft cooperating with the spiral groove of the core pin. The lubricating process can only occur when the machine is in operation. Above the core pin, a porous plug is provided which restricts the flow of the lubricant to a desired amount. It is said that the lubricating mechanism of the device guards the thread and work piece from becoming stained or fouled by the lubricant material.

The Mueller et al. patent relates to "Improvements in Textile Spindles." It discloses a lubricating system comprising an absorbent wick by means of which lubricating oil is drawn upwardly from a reservoir by capillary attraction. The wick extends through a bore in a stationary member and the oil coming from the wick is thrown outwardly and permitted to flow by gravity so that any excess is returned to the chamber at the bottom of the wick.

The Schneider reference relates to centrifugal machines and is said to be adaptable for use in centrifugal liquid separators and other machines of the gyratory kind. It discloses a hollow bore revolving sleeve within which a stationary spindle with a spiral groove is provided. The lubricant passes up the spindle by reason of the coaction of the revolving sleeve and the groove.

The Baker patent relates to an oil feed in machine lubrication, and is said to pro-vide lubricating means which are substantially automatic. It is particularly adapted to a lens grinding machine. There is disclosed a hollow shaft by means of which the work supporting member of a lens grinding machine is rotated and the bearings thereof are lubricated by oil. The oil is drawn upwardly from a reservoir into which the hollow shaft extends. Inside the hollow shaft, through the length thereof, is a member provided with a spiral groove. The oil is driven up through the groove by the action of the rotating spiral member.

The Myers patent relates to a sewing machine loop taker mechanism. It discloses a vertical axis rotary hook and while there is provided a lubricating means in the device, the lubricant is supplied only to the bearing for the hook shaft and not to the raceway of the hook.

The Mackay, Jr. patent, owned by appellants' assignee, relates to sewing machine lubrication. It discloses the lubrication of the raceway of a sewing machine structure in which the rotary hook is on a horizontal axis. The lubricant contained in an oil cup or reservoir placed above the work supporting surface is fed by gravity to the raceway through the interior of the horizontally enclosed hook shaft.

The Primary Examiner rejected the involved claims on the Mackay, Jr. patent in view of the Mueller et al., Myers, and Schneider patents. The Board of Appeals did not expressly reverse that rejection. Therefore, in effect it was affirmed. The board apparently considered the Myers patent as basic, holding that no invention would be involved by adding to the structure of that patent a spiral groove type of pump, as disclosed in the patents to Schneider or Baker.

In its later decision, pursuant to appellants' request for reconsideration, the board stated, and properly so we think, that the slightly different application of the references in its original decision "is colorable only and not real since we relied on a combination of the same parts of the references of record."

There is considerable similarity between the lubricating system disclosed in the device of the Mueller et al. patent and that

of appellants' structure. In each there is a raceway to be lubricated, a lubricating duct leading thereto, and a cover plate which is positioned over the hollow shaft in each device through which the lubricant passes. Both devices contain means for restricting the supply of lubricant to the hook raceway and the feed control of each—a porous plug in appellants' device—serves the same purpose in both devices of preventing the passage of excess lubricant which might result in soiling or straining the needles, bobbin threads, or the work piece.

It is clear that the problem of elevating lubricating oil from a lower placed reservoir through a vertical hollow shaft is old as disclosed in the Mueller et al., Schneider, and Baker patents. It seems to us that the elevation of liquid by such means is as old as the screw of Archimedes, sometimes called Archimedes' pump. In the Mackay lubricating system the oil flows by gravity from the reservoir. As a substitute the pump of any one of the Mueller et al., Schneider, and Baker patents undoubtedly could be substituted for such gravity flow.

Appellants contend that the Mueller et al., Schneider, and Baker patents are taken from non-analogous art and are, therefore, not properly available as references. We can not agree with that contention. Appellants are concerned with the lubrication of part of a machine. So were the patentees of those patents. For that reason it is clear that the structures defined in the rejected claims and the devices disclosed in those patents are squarely within the lubricating art.

It appears that the accurate lubrication said to be accomplished in appellants' sewing machine arises from the functioning of the porous plug. That lubricating means is not specifically set out in the rejected claims, but does appear in allowed claims 6 and 7. It seems to us that the allowance of those claims amply protects the combination in which it is used by appellants.

It would require no more than the ordinary skill in the art to include the pump means of the Mueller et al., Schneider, or Baker patents into the conventional machine of the Myers patent, which comprises the use of a vertical axis rotary hook. As far as this record is concerned we do not find any evidence that a problem existed in the lubrication of sewing machine raceways of the vertical rotary hook type. If the record had shown that such problem had existed and the solution thereof had been sought unsuccessfully until it was solved by appellants, the situation might be different.

In view of what we have hereinbefore stated, the decision of the board is affirmed.

Affirmed.

By reason of illness, O'CONNELL, Judge, was not present at the argument of this case and did not participate in the decision.