40 C.C.P.A.(Patents)

## Application of MALCOLM.
### Patent Appeal No. 5899.

United States Court of Customs
and Patent Appeals.

Feb. 6, 1953.

---

Walter C. Ross, Springfield, Mass., for appellant.

E. L. Reynolds, Washington, D. C. (H. S. Miller, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and COLE, Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the examiner in his rejection of claims 1 to 5, inclusive, in appellant's application for a patent on new and useful improvements in valve apparatus and the seating means therefor.

None of appellant's claims was allowed and all of them were finally rejected on the disclosures, singly or in combination, of the following references: Murray 1,732,241 Oct. 22, 1929; Malcolm 1,778,765 Oct. 21, 1930; Malcolm 2,131,710 Sept. 27, 1938; Malcolm 2,188,137 Jan. 23, 1940; Kinzel and Franks—"The Alloys of Iron and Chromium," Vol. II, McGraw-Hill, 1940—High Chromium Alloys, sec. 58, pp. 90–91.

Appellant contends that valves employing the seating means defined by his rejected claims have had a useful life extending into months and years in contrast to the hours and days of the life of valves heretofore employed in the prior art. The board in its decision made the following appropriate statement:

"The subject matter claimed relates to a gate valve having seating means for the coacting parts adapted to withstand the injurious effect of gases and liquids conducted at high pressure and temperature. The details of the structure and the material of which the valve parts are made, are adequately described in the claims and in appellant's Brief."

Claim 5 is representative of the rejected claims, all of which stand or fall together:

"Claim 5. The combination in a gate valve or the like of a body and member movable therein between open and closed positions with annular seating means fixed to said body and member, said seating means formed from ferritic steel including from two to twenty percent chromium and having coacting seating surfaces of substantial area which are nitride hardened to a hardness of 800 to 1200 Vickers to resist wear, corrosion, searing, galling at high pressures and temperatures."

The references relied upon by the examiner in his final office action were the patent to Murray, the several patents to Malcolm, the present appellant, and the published article hereinbefore described. Murray's invention aimed to provide certain improvements in valves, particularly as to the manner of securing valve seats in place. He disclosed not only a valve similar in structure to the structure defined by the appealed claims but also the use of a harder

metal, such as special alloys, in the wearing portions of the head and seat, which were formed of heat-treated steel welded in place on the valve head and in the casing.

The patent to Malcolm, 1,778,765, is likewise similar to appellant's structure claimed here in that the plug face ring and the seat ring of the valve are both made of the same material, viz., nitralloy, or nitrided steel. The patent to Malcolm, 2,131,710, relates to a combination of metals and the process of combining them in an apparatus whereby extremely hard parts are carried, and to some extent reinforced, by tougher and less hard materials. The specification in this patent makes the following pertinent statement:

"According to this invention, austenitic steel is treated in such a way that it is hardened or at least its surface is hardened to the extent that it is definitely wear-resisting and does not tend to scratch, score and seize, while its resistance to corrosion and temperature is not impaired."

The third patent issued to Malcolm, 2,-188,137, relates to improvements in the method of treating alloy steels whereby an extremely hard case having a relatively soft ductile core has been produced by a heat-treating process. The cited publication of Kinzel and Franks, 1940, described the nitriding of an alloy, such as a low-carbon chromium steel, containing 0.14 per cent carbon, 1.7 per cent nickel, and 17.8 per cent chromium at temperatures ranging from 930 to 1185° F., which process resulted in a surface hardness greater than 900 Vickers.

All of the claims were rejected on the disclosure of the seating means described in the patent either to Murray or to Malcolm 1,778,765; such seating means consisting of steel treated by the method described in the publication by Kinzel and Franks. All the claims were further rejected on Malcolm 1,778,765, in view of the respective disclosures of Malcolm's patents 2,131,710 and 2,188,137, for the reason thus properly stated by the examiner:

"* * * Applicant has patented his specific valve and has also obtained patents on a method of treating steel by nitriding to produce a metal having certain desired characteristics; it is not seen that applicant can be entitled to an additional patent for the obvious step of forming seat inserts shown in his prior patent of material disclosed in his latter patents merely to take advantage of the well known properties of the steel so treated."

The board approved without qualification the findings of the examiner, and we see no manifest error in that disposition of the claims. The fact urged by appellant for reversal of the concurring decisions of the tribunals of the Patent Office, that no single reference meets the claims in issue, is wholly without merit. In re De Vancy, 185 F.2d 679, 38 C.C.P.A., Patents, 735; In re Krukovsky, 184 F.2d 333, 38 C.C.P.A., Patents, 731.

Appellant refers in his brief to the alleged commercial success of the combination defined by the rejected claims but has nowise established proof thereof as a matter of record, or that such success, if established, was due to inventive action in this case on his part. In re Coey, 190 F.2d 347, 38 C.C.P.A., Patents, 1200. Furthermore, there is nothing presented here that one skilled in the art could not have successfully solved when called into action by the generally known want. Paramount Publix Corporation v. American Tri-Ergon Corp., 294 U.S. 464, 55 S.Ct. 449, 79 L.Ed. 997; In re Christensen, 166 F.2d 825, 35 C.C.P.A., Patents, 1000.

For the reasons hereinbefore stated, the decision of the Board of Appeals is affirmed.

Affirmed.