51 CCPA

**Application of Leon F. MILLER.**

**Patent Appeal No. 7096.**

United States Court of Customs
and Patent Appeals.

April 9, 1964.

John C. Oberlin, Oberlin, Maky & Donnelly, Cleveland, Ohio (Almon S. Nelson, Washington, D. C., of counsel), for appellant.

Clarence W. Moore, Washington D. C. (Raymond E. Martin, Washington D. C., of counsel) for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

RICH, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the rejection of claims 37 and 66 of appellant's application serial No. 747,-474, filed July 9, 1958, entitled "Foundry Molding Machine and Method of Molding." The appealed claims are directed to a machine. 41 claims stand allowed.

Appellant's invention relates to the making of foundry sand molds by compressing molding sand about a pattern in a molding machine and the invention, more specifically, is a part of such a machine having improved means for compacting the sand. In such mold-making procedures the pattern is placed on a plate and surrounded by a flask or box into which molding sand is injected. It is then necessary to compact the sand

against the pattern and various ways of doing this have been practiced such as tamping, jolting, and squeezing. It is acknowledged to have been known in the art to squeeze the sand about the pattern by the use of inflatable diaphragms. The invention here claimed is an improved diaphragm device comprising a single diaphragm of flexible material which completely surrounds the pattern and extends somewhat over it as well and which, when fluid pressure is applied to it, squeezes the sand inwardly upon the pattern from all sides and from above simultaneously. The diaphragm is mounted on the inside of a box-like frame which is clamped upon the pattern plate and through the top of which the sand is blown. With this brief introduction, the claims should be comprehensible. While claim 36 is not on appeal, it is included here because it is part of appealed claim 37. The involved claims read as follows:

"36. In a foundry molding machine, a downwardly opening box adapted to contain a pattern covered with molding sand; a flexible diaphragm secured at its upper and lower edges within said box and extending circumferentially of said box around such pattern and sand, said diaphragm being adapted to be forced inwardly to squeeze such sand completely circumferentially against such pattern upon introduction of fluid pressure therebehind.

"37. The machine of claim 36, wherein said diaphragm is disposed also to overlie a portion of the upper surface of such pattern and sand.

"66. In a foundry molding machine, a downwardly opening box adapted to enclose a pattern covered by molding sand; flexible dia-

phragm secured at its edges within said box and extending circumferentially of the sand within said box, and means for applying fluid pressure behind said diaphragm to force the latter inwardly to squeeze the sand against said pattern; the same diaphragm also extending a substantial distance over the upper part of the sand so that the sand may simultaneously be squeezed downwardly against said pattern thereby."

 The Patent Office has rejected claims 37 and 66 as unpatentable over a single reference:

Taccone 2,864,136 Dec. 16, 1958
application filed Sept. 19, 1955

The basis of the rejection is obviousness of the claimed subject matter, 35 U.S.C. § 103. It is noted that the examiner did not reject claim 66 on Taccone but on another patent, which rejection the board reversed so that the other patent is not of record here. The board, however, made a new rejection of claim 66 on Taccone, saying:

Our above holding with respect to claim 66 is not a new ground of rejection in view of the substantial identity in scope of claims 66 and 37 and the rejection of claim 37 by the Examiner on Taccone and, further, in view of the principle set forth in In re Christensen et al., 35 CCPA 1000; 77 USPQ 108; 611 OG 8; 166 F.(2d) 825; 1948 CD 356.

While we do not find any support for the board's reasoning in the Christensen case,[1] appellant has raised no issue as to the board's ground of rejection being new. We therefore treat claims 37 and 66 together as rejected on precisely the same ground.

---

1. The only possible support in Christensen for the board's shift from one reference to another in this case appears in the following passage:

In its later decision, pursuant to appellants' request for reconsideration, the board stated, and properly so we think, that the slightly different application of the references in its original decision

"is colorable only and not real since we relied on a combination of the same parts of the references of record."
The situation here reported seems to us a far cry from reversing a rejection on a single reference relied on by the examiner and making a new rejection on a different reference.

The Taccone patent shows a molding machine in which a flask having large openings in opposite sides is positioned between two flat-faced chambers covered with diaphragms which line up with the openings. The head of the molding machine contains a cavity across which a third diaphragm is mounted. By admitting fluid pressure behind these three separate diaphragms when the sand-filled flask is in position between them they can be caused to press the sand toward the pattern from two opposite sides and from above.

We do not find in Taccone any suggestion to mount a single diaphragm, which we would describe as shaped like the crown of a hat with a hole in the middle of the top, inside of a box and secured at its upper and lower edges so that this single diaphragm presses on the sand "completely circumferentially" and also from above. We therefore do not agree with the board that the claimed invention is obvious within the meaning of section 103.

We have carefully considered all of the solicitor's arguments but find nothing of substance in them. The central theme of his argument appears to be that all appellant has done is to make an obvious simplification of the Taccone diaphragm construction by "integrating Taccone's three disphragms into one," thereby to "make in one piece what the prior art made in three pieces" all of which is "a matter of degree only." While it may be that appellant has made his single diaphragm do the work of Taccone's three separate diaphragms—and we think do that work better—we do not find any hint in the reference that one diaphragm could do the work of three, or that they could all be mounted in one part of the machine instead of two or three different parts; nor is there any suggestion of a circumferential diaphragm of any kind. It seems to us that appellant struck out on a new path and produced an entirely different, and admittedly novel, organization of a molding machine with sand-compressing diaphragm means.

The solicitor asks us to consider how very broad the appealed claims are but we do not find them any broader than the invention nor so broad as to fail clearly to distinguish that invention from the prior art. We are unable to find a legitimate reason for refusing them.

The decision of the board is reversed.

Reversed